



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/15/07

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

SABRINA TANN
Phone: (212) 442-8600
Fax: (212) 788-9776
stann@law.nyc.gov

# MEMO ENDORSED

August 10, 2007

**BY HAND DELIVERY**
Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007



RECEIVED
AUG 10 2007
CHAMBERS OF
P. KEVIN CASTEL
U.S.D.J.

    Re: Gregory Kleine v. City of New York et al., 07 CV 5887 (PKC)

Your Honor:

    As the Assistant Corporation Counsel assigned to the defense of the above-referenced civil rights action, I write to respectfully request a stay of the above-referenced civil rights action pending the resolution of plaintiff's state court criminal prosecution. I have conferred with plaintiff's counsel, Andrew Laskin, Esq., and he does not consent to this request.

    As background, plaintiff alleges, *inter alia*, that on May 4, 2007, New York City Transit Officer Moscoso and other unidentified members of the New York City Transit Police Department employed excessive force against him in violation of his federal constitutional rights. By Orders dated July 12, 2007 and July 20, 2007, respectively, the Court granted defendant City of New York to and including September 11, 2007 to answer or otherwise respond to the complaint and scheduled an initial conference in this matter for September 7, 2007 at 12:45 p.m.[1]

---

[1] A check of the docket sheet reveals that an Affidavit of Service of Summons and Complaint has been filed with respect to the individually named defendant Leonardo Moscoso in this action. This office has not received a request for representation from Mr. Moscoso and accordingly, makes no representation herein as to the adequacy of process. Notwithstanding, assuming Mr. Moscoso was properly served, this Office respectfully requests that the same extension be granted to him so that his defenses are not jeopardized while representation issues are being decided.

A stay of this action is necessary because there is a state court criminal prosecution pending against plaintiff for the charges of Resisting Arrest and Disorderly Conduct arising from his May 4, 2007 arrest. The above-referenced civil rights action arose out of the same circumstances underlying plaintiff's pending state court criminal prosecution. Further, there is an identity of witnesses, facts and issues given that plaintiff is suing here for excessive force while he is simultaneously being prosecuted for Resisting Arrest and Disorderly Conduct arising from the same issue in state court.

It is well established in this Circuit that a Court is empowered with "discretionary authority to stay a civil action pending the resolution of a parallel criminal proceeding when the interests of justice so require." United States v. Kordel, 397 U.S. 1, 12 n.27, (1970); Estes-El v. Long Island Jewish Medical Center, 916 F. Supp. 268, 269 (S.D.N.Y. 1995) ("It is well settled that the Court may (and indeed, should) stay a federal Section 1983 action until resolution of parallel state court criminal proceedings.").

As one court in this Circuit has opined, "[a] stay of civil proceedings is most likely to be granted where the civil and criminal actions involve the same subject matter." Johnson v. N.Y. City Police Dep't., 01 Civ. 6570 (RCC) (JCF), 2003 U.S. Dist. LEXIS 12111, *4 (S.D.N.Y. July 16, 2003) (quoting Brock v. Tolkow, 109 F.R.D. 116, 119 (E.D.N.Y. 1985)). "This is because the civil action, if not stayed, might undermine the criminal defendant's Fifth Amendment privilege against self-incrimination, expand the rights of discovery beyond the limits of the state's criminal procedure law, expose the basis of the defense to the prosecution, or otherwise prejudice the criminal case. Johnson, 2003 U.S. Dist. LEXIS 12111, at *5.

Further, a conviction in plaintiff's criminal case would have a substantial impact on the progress of the issues in his Section 1983 action. Given that plaintiff's sole claim is for excessive force, the pendency of his criminal case favors a stay because a conviction against plaintiff for resisting arrest and/or disorderly conduct could potentially entitle the individual defendant police officer in this matter to qualified immunity. Mack v. Varelas, 835 F.2d 995, 999 (2d Cir. 1987) (stay warranted where one possible outcome of the criminal proceedings could negate an essential element of plaintiff's § 1983 claim). Hence, the resolution of plaintiff's criminal case will likely be determinative of plaintiff's claims in this action.

While the entry of a stay is, of course, a matter for the Court's discretion, this Office respectfully submits that balance of the interests outlined above warrants such action in the case at bar. Should the Court grant this request, we would further respectfully request that defendants be permitted thirty (30) days from the time such stay is lifted to answer or otherwise respond to the complaint.

Finally, I respectfully request that should the Court schedule a conference on the instant application, that it be scheduled for a time after September 4, 2007. I will be unavailable between August 13, 2007 and September 4, 2007 because I will be our of the office celebrating my wedding and honeymoon.

Accordingly, for reasons set forth herein, this Office respectfully requests a stay of the above-referenced civil rights action until the disposition of the parallel state court proceeding.

2

I thank the Court for its time and consideration of this request.

Respectfully submitted,

*[signature]*

Sabrina Tann (ST 2552)
Assistant Corporation Counsel
Special Federal Litigation Division

cc: Andrew Laskin, Esq.
Robinson & Yablon
Attorney for Plaintiff
(By Facsimile)

*[Handwritten note:]* A limited stay of this action is appropriate lest discovery in this civil action be used in connection with the criminal prosecution and witness preparation and trial preparation in the criminal [matter] be interfered with.

Initial conference of September 7 is vacated. The case is stayed until November 9, 2007. The initial conference will be November 16, 2007 at 9:30 am.

SO ORDERED.

*[signature]*
USDJ
8-15-07

3