UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

GREGORY KLEINE,

                                Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
LEONARDO MOSCOSO, TR#937146 and JOHN DOES
1-6 Representing Several Unidentified Police Officers
Assigned To Transit Division District 02, In their
Individual and Official Capacities,

                                Defendants.

------------------------------------------------------------x

**STIPULATION AND ORDER OF PROTECTION**

JURY TRIAL DEMANDED

07 CV 5887 (PKC)

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/23/08

      **WHEREAS**, plaintiff Gregory Kleine has sought the Performance Evaluation and Civilian Complaint Review Board ("CCRB") History of defendant Leonardo Moscoso and the Internal Affairs Bureau Investigation File for Case No. 07-16913, from defendants City of New York and Leonardo Moscoso ("City Defendants") in the above action, documents which City Defendants deem confidential and/or privileged; and

      **WHEREAS**, City Defendants object to the production of those documents unless appropriate protection for their confidentiality is assured; and

      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for plaintiff and City Defendants, as follows:

      As used herein, "Confidential Materials" shall mean a copy of Leonardo Moscoso's Performance Evaluation and CCRB History and the Internal Affairs Bureau Investigation File for Case No. 07-16913 and any other and any other documents that the defendants may in the future in good faith deem "Confidential Materials" pursuant to this Order, except that such documents and information shall not be deemed "Confidential Materials" to the

extent, and only to the extent, that they are (a) obtained by plaintiff from sources other than defendants, or (b) are otherwise publicly available.

2. The defendants shall designate in good faith particular documents "Confidential Materials" by labeling such documents "Confidential" and/or by designating such documents by bates number in a writing directed to plaintiff's counsel. The defendants shall have a reasonable time to inspect and designate as "Confidential Materials" documents sought by subpoena from third parties, and such documents, if produced to plaintiff, shall be treated as "Confidential Materials" during such reasonable period. The defendants reserve the right to designate any documents confidential pursuant to this agreement if necessary after production of such documents to the plaintiff. If plaintiff objects to the designation of particular documents as "Confidential Materials," plaintiff shall state such objection in writing to the defendants, and the parties shall endeavor in good faith to resolve such objection. If such objection cannot be resolved, then defendants shall, within ten (10) days of receiving plaintiff's objections, move for an order approving such designation.

3. Plaintiff's attorney shall not use the Confidential Materials for any purpose other than for the preparation or presentation of the case entitled <u>Gregory Kleine v. City of New York et al.</u>, 07 CV 5887 (PKC)(GWG) ("this action.").

4. Plaintiff's attorneys shall not disclose the Confidential Materials to any person not a member of the staff of their law office, except under the following conditions:

    a. Disclosure may be made only if necessary to the preparation or presentation of their cases in this action.

    b. Disclosure before trial may be made only to the parties, to an expert or experts who has or have been retained or specially

- 2 -

employed by their attorneys in this action in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court. In the event a conflict arises between the parties as to whether plaintiff may show the Confidential Materials to a potential deponent, or other person whom counsel reasonably believes may have knowledge of the information described or referred to in the Confidential Materials, plaintiff agrees not to do so until such time that the parties can obtain a ruling from the Court in this regard.

c.  Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), plaintiff's attorneys shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as <u>Exhibit A</u>, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by plaintiffs' attorneys and copies provided to counsel for defendants.

5.  Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall at defendants request to the reporter, be separately bound, with a cover page prominently marked "CONFIDENTIAL."

Received:            Fax:12127258567            ROBINSON & YABLON PC
Jan 17 2008 12:05pm
Jan 17 2008 12:23       p.04
Jan 17 2008 12:25       p.06

Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

6. If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

### CONFIDENTIAL

This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Southern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

7. However, where the confidential information is not material to issues addressed in court submissions and the parties agree that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, the parties may file redacted documents without further order of the Court.

8. Within 30 days after the termination of this case, including any appeals, the Confidential Materials, including all copies, and all nonconforming copies, notes, and other materials containing or referring to information derived therefrom, shall, upon defendants' request, be returned to defendants' attorneys or, upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to defendants' attorneys.

9. Nothing in this Stipulation and Protective Order shall be construed to limit

- 4 -

defendants' use of the Confidential Materials in any manner.

         10.    The parties reserve their rights to seek modification of this Protective Order by application to the Court for good cause shown at any time during the course of this litigation.

Dated:     New York, New York
             January 17, 2008

ROBINSON & YABLON, P.C.
Attorney for Plaintiffs
Andrew Laskin, Esq.
232 Madison Avenue, Ste. 1200
New York, New York 10016
(212) 725-8566

By: _____
ANDREW LASKIN, ESQ.

See Addendum

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
Attorney for Defendants City of New York
and Leonardo Moscoso
100 Church Street, Room 3-221
New York, New York 10007
(212) 442-8600

By: _____
SABRINA TANN (ST 2552)
Assistant Corporation Counsel

SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

1-23-08

Received: ROBINSON & YABLON PC   Fax:12127258567   Jan 17 2008 12:23   Jan 17 2008 12:26   p.06   p.08
Jan 17 2008 12:06pm

EXHIBIT A

The undersigned hereby acknowledges that he has read the Stipulation and Protective Order entered in the United States District Court for the Southern District of New York on _____, 2008 in the action entitled <u>Gregory Kleine v. City of New York et al.</u>, 07 CV 5887 (PKC)(GWG), and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____     _____
Date                                                     Signature

                                             _____
                                             Print Name

                                             _____
                                             Occupation

- 6 -

ADDENDUM TO STPULATION AND PROTECTIVE ORDER
Kleine v. City of New York, et al.
07 Civ.5887 (PKC)

Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents to be sealed. Any application to seal shall be accompanied by an affidavit and memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995) ("Amodeo I") and Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-120 (2d Cir. 2006). Without any further application to the Court, the following may be redacted from any letter, memorandum, exhibit, deposition testimony or other document to be filed with the Clerk: social security numbers, taxpayer-identification numbers, financial account numbers, and names of minor children (replaced by initials); where a redaction has been made, the fact of the redaction shall be noted on the page where it has occurred.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
January 23, 2008