# Robinson & Yablon, P.C.

### ATTORNEYS AT LAW

232 MADISON AVENUE, SUITE 1200
NEW YORK, NEW YORK 10016

JOEL H. ROBINSON
LAWRENCE T. YABLON
―――――――
ANDREW M. LASKIN

TELEPHONE: (212) 725-8566
FACSIMILE: (212) 725-8567

January 28, 2008

**By ECF**
Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York New York 10007

RE: *Kleine v. City of New York et al*
07 Civ. 5887 (PKC)(GWG)

Dear Judge Castel:

As per the Court's directive, on January 10, 2008, counsel met and conferred. The following issues have not been resolved and require Court intervention:

## PLAINTIFF'S CONTENTIONS

This excessive force case arises from plaintiff's May 4, 2007 arrest by defendant P.O. Moscoso, an employee of the NYPD Transit District 2. During the course of plaintiff's arrest, defendant Moscoso struck the plaintiff resulting in two fractures which shall require multiple surgical procedures. At some point after the arrest, Moscoso's partner, P.O. Michael Rhome, took plaintiff to St. Vincent's Hospital, at which time the fractures were diagnosed. At some point after plaintiff's arrest, Moscoso and Rhome's supervisor, Sgt. Nunziato, who had received divergent and inconsistent account of the incident, notified Transit Duty Captain Marino and Inspector McAllister, both of whom directed that the officer's be reported to the Internal Affairs Bureau (IAB). IAB investigators were dispatched to St. Vincent's Hospital where plaintiff was interviewed. After plaintiff's release from St. Vincent's, he was taken back to the District 2 Command and interviewed a second time by IAB. During that interview, plaintiff identified P.O. Moscoso and P.O. Rhome from a photo array.

On November 20, 2007, plaintiff served his First Demand for Documents, and on January 8, 2008, the City provided its "Responses and Objections," a copy of which is annexed hereto. Additionally attached hereto is the City's document production. After the Court so-ordered a subpoena for the prosecutor's file, we received a letter dated January 11, 2008 setting forth the District Attorney's objections. We attach a copy of that letter for the Court's review. Finally, on January 25, 2008, the City produced certain IAB records. Based upon the documents demanded and produced, and the District Attorney's correspondence, the following documents are

outstanding:

## DEFENDANTS' CONTENTIONS

Defendants City of New York and Leonardo Moscoso assert that on May 4, 2007, plaintiff sustained injuries but dispute the underlying facts leading to plaintiff's injuries. Defendant Moscoso denies that any excessive force was used during the course of plaintiff's arrest. Instead, it appears that plaintiff injured himself. However, relevant to the instant discovery dispute is that after the incident, plaintiff was transported directly to St. Vincent's Hospital via ambulance. NYPD Internal Affairs Bureau ("IAB") Officers interviewed plaintiff at St. Vincent's Hospital. After, plaintiff's release from St. Vincent's, he was escorted to Transit District 2 police precinct, where he was held a short period of time before being released with a Desk Appearance Ticket. Plaintiff was charged with Disorderly Conduct and Resisting Arrest and on October 15, 2007, he accepted a plea of Adjournment in Contemplation of Dismissal.

Defendants maintain their objections asserted in their responses to plaintiff's written discovery requests dated January 8, 2008, however, as necessary defendants supplement and explain their responses and objections as outlined below.[1] Notably, plaintiff did not confer with defendants' prior to seeking the Court's intervention by his letter application dated January 9, 2008.[2] Moreover, it appears that plaintiff has added additional requests for documents based upon a purported letter, which he received from the New York County District Attorney's ("DA") Office dated January 11, 2008.[3]

Finally, on January 25, 2008, defendants produced their supplemental disclosure of documents to plaintiff bearing Bates Nos. 24-187 by hand delivery. The documents bearing Bates Nos. 29-178 constitute the Internal Affairs Bureau ("IAB") Investigation File for Case No. 07-16913 and was produced pursuant to the Stipulation and Protective Order between the parties in this case, which was endorsed by the Court on January 23, 2004.

1.      **District Attorney's File**: Defendants object to plaintiff's request for the district attorney's file on the grounds that the file is not in defendants' possession, custody or control and the request seeks documents from an entity that is not represented by the Office of Corporation Counsel. Moreover, to the extent that plaintiff requests from defendants the list of documents described by the DA in its January 11, 2008 letter as currently being in its file, defendants further object on the grounds that the request is vague, ambiguous, overbroad, duplicative and seeks documents that may be protected by the work product privilege.

In its January 11, 2008 letter, the DA described approximately 54 categories of documents

---

[1] A copy of Defendants' Responses and Objections to Plaintiff's First Request for Documents is annexed hereto for the Court's convenience.

[2] A copy of plaintiff's January 9, 2008 application is annexed hereto for the Court's convenience.

[3] A copy of the DA's letter dated January 11, 2008 is annexed hereto for the Court's convenience.

in its file and asserted that those documents will not be made available to the parties until the DA deems plaintiff's criminal prosecution closed on April 25, 2008. Defendants do not have access to the DA's file and accordingly, cannot discern with certainty all of the documents described in the DA's January 11, 2008 letter. However, judging from the descriptions, upon information and belief, to date, defendants have produced to plaintiff the majority of the documents listed by the DA. As will be discussed more fully below, defendants cannot locate a copy of the Complaint Report (typed) as described at Nos. 1 and 7 on the DA's list. Defendants have produced at Bates Nos. 174-178, five (5) color photographs of plaintiff's injuries immediately after the incident and assert that any other photographs may have been produced to the DA by plaintiff during the course of his criminal prosecution.

   2. **Arrest Reports and Photographs-** The City has produced a computer-generated "Arrest Report." At the top of the document, it states "THIS IS AN UPDATED ARREST." The report was generated on July 30, 2007, more than two months after my client's arrest. The City, however, has failed to produce the Arrest Report which was generated at the Command on the day of the arrest, or immediately thereafter, when the Precinct PAA entered into the computer the information taken from Officer Moscoso's Arrest Worksheet, which was produced. To the extent the City label's its own report as "UPDATED," the City is required to produce documents relating to and witnesses with knowledge of the "UPDATE". Next, the City claims it cannot locate the arrest photograph taken of my client on May 4, 2007. Where, as here, the injuries were sustained during his arrest, my client is entitled to see the arrest photograph and the City cannot claim, eight months after the fact, they are still looking for it. We request the Court Order it produced within a time certain and, if it cannot be located, an affidavit produced addressing all efforts made to locate it. The defendants previously produced these items to the District Attorney and have offered us no explanation for their non-production other than defense counsel's claim that she is still investigating the matter.

   **Defendants' Response:** Defendants object to plaintiff's request for both an explanation of the arrest report produced at Bates No. 15 and the production of plaintiff's arrest photograph on the grounds that plaintiff assumes facts not established, there is a more practical method of obtaining the information sought and the information sought is duplicative and not relevant or reasonably calculated to lead to admissible information.

   This Office produced a certified copy of plaintiff's arrest report, which was dated and certified on July 30, 2007.[4] The arrest report is a computer generated document and the reason it reflects July 30, 2007 was because this Office did not request it until after we received notice that plaintiff had filed his complaint on June 21, 2007. The language that plaintiff references is also included in the area identifying the arrest report's generation date. In sum, defendants are not in possession of any other copy of the arrest report. To the extent that plaintiff asserts that the DA's Office is in possession of an earlier generated copy of the arrest report, that document will be available on April 25, 2008, when the DA releases its file.

---

[4] A copy of the Certified Arrest Report generated on July 30, 2007 is annexed hereto for the Court's convenience.

To the extent that plaintiff eludes that there is a substantive difference between the arrest report, which was produced and an assumed prior arrest report, defendants submit that plaintiff should question the officers at deposition as to their involvement in generating and/or altering documents in this case. In addition to providing plaintiff with the arrest report at issue, defendants also produced to plaintiff: (1) an Online Arrest Report at Bates Nos. 8-10, and; (2) an Online Booking System Arrest Worksheet at Bates Nos. 16-17.[5] The Online Booking System Worksheet was handwritten and endorsed by defendant Moscoso. These documents are all NYPD business records, which are commonly used by police officers. Moreover, they reflect the same or similar information contained in the computer generated arrest report at issue. Plaintiff does not dispute that they were created immediately following the incident. Therefore, plaintiff can compare the documents and to the extent there are any substantive questions regarding their completion, such questions are more appropriately posed during the officers' sworn depositions.

With respect to plaintiff's arrest photograph, I am informed by the NYPD that pursuant to N.Y.C.P.L § 160.50 (1)(a), plaintiff's arrest photograph was destroyed.[6] Notably, as discussed supra, defendants have produced five (5) photographs of plaintiff that were taken at St. Vincent's Hospital prior to him being transported to the precinct for arrest processing, at which time his arrest photograph was taken. Moreover, the DA indicates that its file contains eighteen (18) color photographs of plaintiff. Today, I was informed by Officer Moscoso that he located a black and white photocopy of plaintiff's arrest photograph and I will forward it to plaintiff by facsimile today.

3.    **Memo Book Entries-** The City has produced a heavily redacted memo book entry for defendant Moscoso and his partner Rhome, yet the City neither made a timely objection to our memo book demand nor set forth the unredacted documents on a privilege log. Moreover, we are entitled to see the entirety of the memo book entries for the date of the arrest because they will set forth the defendant officer's assignment, and with that information we can identify the other officers who were present in the Command, as well as, the subway station. The defendants previously produced these items (unredacted) to the District Attorney and have offered us no explanation for their non-production other than defense counsel's claim that she is still investigating the matter.

**Defendants' Response**: Defendants have produced Michael Rhome's memo book entries for May 4, 2007 at Bates Nos. 179-181 and defendant Moscoso's memo book entries for May 4, 2007 at Bates Nos. 182-185. To the extent that the memo books reflect the arrests of non-parties, they have been redacted on the grounds that the production of such information would violate the sealing provisions of N.Y.C.P.L. § 160.50 and/or implicate the privacy interests of non-parties and such information is not relevant or reasonably calculated to lead to the discovery of

---

[5] A copy of the Online Arrest Report bearing Bates Nos. 8-10 and the Online Booking Arrest Worksheet bearing Bates Nos. 16-17 is annexed hereto for the Court's convenience.

[6] In relevant part N.Y.C.P.L. § 160.50(1)(a) provides that "[u]pon termination of a criminal action or proceeding against a person in favor of such person, every photograph of such person ... shall forthwith be, .. either destroyed or returned to such person...".

admissible evidence.

4.    **UF-61 Complaint Report**- Although no person may be arrested without the preparation of a complaint report bearing a complaint number, the City claims it cannot locate the handwritten complaint report, even though the complaint number is referenced in the produced arrest report. We request the City be given the same directive for this document and set forth in ¶1, *supra*. The defendants previously produced these items to the District Attorney and have offered us no explanation for their non-production other than defense counsel's claim that she is still investigating the matter.

**Defendants' Response**: Defendants object to plaintiff's request for a UF-61 Complaint Report on the grounds that it assumes facts not established. Moreover, this document may be contained in the DA's file as it appears that a document described as a Complaint Report (typed) is listed as document 37 in the DA's January 11, 2008 letter. Therefore, defendants submit that this document will be available when the DA releases its file on April 25, 2008.

Notwithstanding, their objections, defendants have searched their records and cannot locate a UF-61 Complaint Report. Defendants continue to search for that document and will produce it if it is located.

5.    **Medical Treatment of Prisoner Form**- When I asked the assigned ACC why she had not produced this pivotal document, she stated that "sometimes if the prisoner is taken directly to the hospital, there is no such form created" and the medical records would "take the place" of the form. There is no such policy or procedure in place at the NYPD and the Patrol Guide mandates that such a form be authored when an alleged perpetrator is injured during an arrest. We request the City be given the same directive for this document and set forth in ¶1, *supra*. The defendants previously produced these items to the District Attorney and have offered us no explanation for their non-production other than defense counsel's claim that she is still investigating the matter.

**Defendants' Response**: Today, defendant Moscoso informed me that he located a copy of plaintiff's medical treatment of prisoner form and I will forward it to plaintiff by facsimile today.

6.    **Internal Affairs File Including Written and Taped Interviews** –The City has now produced certain IAB records but has not produced statements from any of the Police Officers involved. The City has also failed to produced tapes of the interviews of plaintiff, and the recording of the initial call to IAB.

**Defendants' Response**: Defendants object to plaintiff's request on the grounds that it assumes facts not established. Defendants produced the IAB investigation file for the incident in its entirety at Bates Nos. 29-178 pursuant to a Stipulation and Order of Protection, which was endorsed by the Court on January 23, 2008. Furthermore, by letter dated January 25, 2008, defendants' informed plaintiff that one (1) audiotape was generated by IAB as part of its investigation and it is currently being duplicated and will be produced to plaintiff as soon as the

duplicate is received by this Office.

To the extent that plaintiff seeks purported additional officer statements, defendants state, upon information and belief, that there are no documents responsive to that request.

7.    **Command Log for Transit District 02-** Here, again, the City produced a redacted log, copy annexed, without lodging timely or appropriate objections. As for the City's claim that we have already identified the officers we wish to sue, that has nothing to do with our right to discover who was assigned to the Command that evening, where they were patrolling, and the relevant timing of the arrival and departure of plaintiff, other District 2 officers and the IAB investigators. Plaintiff is entitled to present the jury with a timeline of the events, and the unredacted command log forms the factual backbone of that timeline. The defendants previously produced these items to the District Attorney and have offered us no explanation for their non-production other than defense counsel's claim that she is still investigating the matter.

**Defendants' Response**: Defendants object to plaintiff's request for the unredacted Command Log for May 4, 2007 on the grounds that it vague, ambiguous, overbroad, assumes facts not established and to the extent that it seeks information that the disclosure of which would violate the sealing provisions of N.Y.C.P.L. § 160.50 and/or implicate the privacy interests of non-parties, is protected by law enforcement privilege and is not relevant or reasonably calculated to lead to admissible evidence. Defendants have produced all Command Log Entries reflecting activities concerning plaintiff.[7] Moreover, to date, defendants have produced the Roll Call for May 4, 2007 at Transit District 2 at Bates Nos. 147-152, which identifies all of the officers on duty and their specific assignments. Finally, defendants have provided plaintiff with a copy of the IAB investigation file, which details all of the IAB officers involved in the investigation and the specific actions, which they took in furtherance of the investigation. The Command Log does not reflect the presence of IAB officers at the precinct. Accordingly, defendants submit that all of the relevant information sought by plaintiff in this regard has been disclosed.

8.    **Additional Materials Produced to the District Attorney Yet Withheld From Plaintiff-**Beyond the above materials, it is now apparent, based upon the correspondence from the District Attorney, that defendants have additionally withheld the following documents, all without explanation and/or assertion of privilege, and after producing such documents to the prosecutor in the weeks and months after plaintiff's arrest:

a.    Prisoner movement slip
b.    three additional pages of Moscoso's memo book
c.    P.O Rhome's memo book
d.    18 Color photographs of plaintiff
e.    a typed online booking sheet
f.    typed complaint report (two-month post incident computer printout provided)

---

[7] A copy of the Command Log Entries bearing Bates Nos. 186-187 is annexed hereto for the Court's convenience.

g.   Desk Appearance Ticket Investigation
h.   DAT report
i.   Additional IAB Records
j.   Photo array
k.   OLBS
l.   Prisoner Pedigree Card
m.   Roll Call Adjustment (which was necessary to have an officer guard plaintiff at hospital)
n.   Roll Call
o.   BADS printout
p.   Request for 911 Sprint Records
q.   Request for Command Center Disc
s.   Injured Prisoner in Command Confines report
t.   transmittal OG case
u.   E-Justice background check on plaintiff
v.   Request for canvass.

**Defendants' Response**:  Please see defendants' response to 1. District Attorney's File supra. Additionally, defendants' object to the extent that plaintiff's list does not accurately reflect the descriptions set forth in the DA's January 11, 2008 letter.

Notwithstanding defendants' objections, defendants have produced the following documents requested by plaintiff:

Moscoso's memo book:  **Moscoso's Memo Book was produced as described supra at Point 3. Memo Book Entries at Bates Nos. 182-185**

P.O Rhome's memo book: **Rhome's Memo Book was produced as described supra at Point 3. Memo Book Entries at Bates Nos. 179-181**

18 Color photographs of plaintiff: **5 photographs were produced as described supra at Point 2. Arrest Report and Arrest Photographs at Bates Nos. 174-178**

Additional IAB Records: **The entire IAB file was produced at 29-178 as discussed supra at Internal Affairs File 6., accordingly, there are no documents responsive to this request**

Photo array:  **Produced at Bates Nos. 164-167**
Prisoner Pedigree Card: **Produced at Bates No. 156**

Roll Call Adjustment (which was necessary to have an officer guard plaintiff at hospital): **Produced at Bates No. 152**

Roll Call: **Produced at Bates Nos. 147-152**

BADS printout: **Produced at Bates Nos. 106-108**

Request for 911 Sprint Records: **Produced at Bates No. 104-105**

Request for Command Center Disc: **Produced at Bates Nos. 102-103**

Injured Prisoner in Command Confines report: **Produced at Bates Nos. 60-61**

transmittal OG case: **Produced at Bates No. Bates 169**

E-Justice background check on plaintiff: **Produced at Bates No. 36**

Request for canvass: **Produced at Bates Nos.170 and 173**

Further, without reviewing the DA's file defendants cannot determine based upon the description whether or not they have produced the following documents:

a typed online booking sheet (handwritten provided) :**A handwritten Online Booking Arrest Sheet was provided at Bates Nos. 16-17.**

typed complaint report (two-month post incident computer printout provided): **An Online Complaint Report was produced at Bates Nos. 6-7**

Desk Appearance Ticket Investigation: **Desk Appearance Ticket was produced at Bates No. 12**

DAT report – **Desk Appearance Ticket was produced at Bates No. 12**

OLBS: **Defendants are unable to identify the document based upon the description**

Prisoner movement slip: **Defendants are unable to identify the document based upon the description**

Respectfully submitted.,
**ROBINSON & YABLON, P.C.**

Andrew M. Laskin (AL9379)
Attorney for Plaintiffs

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Defendants City of New York and
Leonardo Moscoso
100 Church Street, Rm. 3-221
New York, New York 10007
(212) 442-8600

By: _____

Sabrina Tann (ST 2552)
Assistant Corporation Counsel
Special Federal Litigation

## ** Transmit Conf.Report **

P.1                                                         Jan 28 2008  17:02

| Fax/Phone Number | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 12128057949 | NORMAL | 28,17:02 | 1'38" | 10 | # O K | |

ROBINSON & YABLON, P.C.
ATTORNEYS AT LAW

FACSIMILE TRANSMITTAL SHEET

TO:
Honorable P. Kevin Castel
ACC Sabrina Tann, Esq.

COMPANY:
Southern District of New York
NYC Law Department

FAX NUMBER:
(212) 805-7949
(212) 788-9776

PHONE NUMBER:
(212) 805-0762
(212) 442-8600

RE:
Gregory Kleine v. City of NY & PO
Moscoso

FROM:
Andrew Laskin, Esq.

DATE:
January 28, 2008

TOTAL NO. OF PAGES INCLUDING COVER:
10

SENDER'S REFERENCE NUMBER:

YOUR REFERENCE NUMBER:

URGENT    FOR REVIEW    PLEASE COMMENT    PLEASE REPLY    PLEASE RECYCLE

Attached is the joint letter regarding outstanding discovery. Exhibits shall be scanned into ECF tomorrow morning.

232 MADISON AVENUE, SUITE 1200
NEW YORK, NEW YORK 10007
212-725-8566
212-725-8667 (FAX)

ROBINSON & YABLON PC   Fax:1212725856?

## ** Transmit Conf. Report **

P.1                                                        Jan 28 2008  17:04

| Fax/Phone Number | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 12127889776 | NORMAL | 28,17:04 | 1'38" | 10 | # O K | |

ROBINSON & YABLON, P.C.
ATTORNEYS AT LAW

FACSIMILE TRANSMITTAL SHEET

TO:
Honorable P. Kevin Castel
ACC Sabrina Tann, Esq

COMPANY:
Southern District of New York
NYC Law Department

FAX NUMBER:
(212) 805-7949
(212) 788-9776

PHONE NUMBER:
(212) 805-0262
(212) 442-8600

IN:
Gregory Kleine v. City of NY & PO
Muscoso

FROM:
Andrew Laslin, Esq

DATE:
January 28, 2008

TOTAL NO. OF PAGES INCLUDING COVER:
10

SENDER'S REFERENCE NUMBER:

YOUR REFERENCE NUMBER:

URGENT      FOR REVIEW      PLEASE COMMENT      PLEASE REPLY      PLEASE RECYCLE

Attached is the joint letter regarding outstanding discovery. Exhibits shall be scanned into
ECF tomorrow morning.

232 MADISON AVENUE, SUITE 1200
NEW YORK, NEW YORK 10007
212-725-8866
212-725-8567 (FAX)

# ROBINSON & YABLON, P.C.

## ATTORNEYS AT LAW

### FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| **Honorable P. Kevin Castel**<br>**ACC Sabrina Tann, Esq.** | **Andrew Laskin, Esq.** |
| COMPANY:<br>**Southern District of New York**<br>**NYC Law Department** | DATE:<br>**January 28, 2008** |
| FAX NUMBER:<br>**(212) 805-7949**<br>**(212) 788-9776** | TOTAL NO. OF PAGES INCLUDING COVER:<br>**10** |
| PHONE NUMBER<br>**(212) 805-0262**<br>**(212) 442-8600** | SENDER'S REFERENCE NUMBER: |
| RE:<br>**Gregory Kleine v. City of NY & PO**<br>**Moscoso** | YOUR REFERENCE NUMBER: |

**URGENT**     **FOR REVIEW**     PLEASE COMMENT     PLEASE REPLY     PLEASE RECYCLE

Attached is the joint letter regarding outstanding discovery. Exhibits shall be scanned into ECF tomorrow morning.

# PLAINTIFF'S

# EXHIBITS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Docket #: 07 Civ. 5887(PKC)

------------------------------------------------------------------------X

GREGORY KLEINE,

**PLAINTIFFS FIRST
DEMAND FOR
DOCUMENTS**

Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
LEONARDO MOSCOSO, TR#937146, and JOHN DOES 1-6
Representing Several Unidentified Police Officers Assigned
To Transit Division District 02, In their Individual and
Official Capacities,

Defendants

------------------------------------------------------------------------X

       Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure and the

Local Rules please take notice that the undersigned on behalf of the Plaintiff, hereby

serves the following First Set of Document Demands upon Defendants, reserving the

right to supplement or amend these demands as additional information becomes

available. Defendants' responses are returnable at the offices of **ROBINSON &**

**YABLON, P.C.,** 232 Madison Avenue, New York, New York, 10016 on or before

December 20, 2007 at 10:00 a.m.

       Plaintiff Demands Defendants Produce the following documents which relate to

the incident forming the basis of plaintiff's Complaint:

1.      **NYPD ARREST REPORT  ID #: M07639919, INCLUDING ONLINE
BOOKING ARREST WORKSHEET AND ARREST PHOTOGRAPHS**

2.      **MEMO BOOK ENTRIES FOR 5/3/07-5/4/07 OF DEFENDANT
MOSCOSO AND FELLOW OFFICERS.**

3.      **UF 61 COMPLAINT REPORT**

4.    MEDICAL TREATMENT OF PRISONER FORM

5.    COMPLETE INTERNAL AFFAIRS FILE FOR LOG # 07-16913
      CALLOUT #: 07-1145 AND AUDIO TAPE (GO 15) OF CALL OUT WITH
      IAB LOG FOR SUBJECT CALL PHOTO ARRAYS #13220 AND 13219
      PHOTOGRAPHS OF COMPLAINANT
      PG 206-13 INTERROGATION (AUDIO TAPE AND TRANSCRIPTS) OF
      P.O.MOSCOSO AND ANY/ALL OTHER OFFICERS

6.    COMMAND LOG, TRANSIT DISTRICT 02, 5/3/07-5/4/07

7.    ROLL CALL FOR TRANSIT DIST 02, 5/3/07-5/4/07

8.    SPRINT REPORT, 911 CALL, RADIO TRAFFIC WITH RESPECT TO
      INCIDENT AND PLAINTIFF'S ARREST AND DETENTION

9.    PERSONNEL FILE/DISCIPLINARY HISTORY OF P.O. MOSCOSO

10.   FILE OF THE DISTRICT ATTORNEY, NEW YORK COUNTY

11.   CCRB FILE WITH RESPECT TO PLAINTIFF'S COMPLAINT AGAINST
      THE DEFENDANTS

12.   COPIES OF ANY/ALL RECORDS OBTAINED BY DEFENSE COUNSEL
      PURSUANT TO SUBPOENA AND/OR THROUGH SUBMISSION OF
      AUTHORIZATIONS FURNISHED BY PLAINTIFF HEREIN.

Dated: New York, New York
       November 20, 2007

                                    Yours, etc.,

                                    _____
                                    Andrew M. Laskin (AL9379)
                                    **ROBINSON & YABLON, P.C.**
                                    Attorneys for Plaintiff
                                    232 Madison Avenue, Suite 1200
                                    New York, New York 10016
                                    (212) 725-8566

NEW YORK CITY LAW DEPARTMENT
Attorneys for Defendants
100 Church Street
New York, New York 10007
(212) 788-9776
Att: ACC Sabrina Tann

2



**DISTRICT ATTORNEY**
OF THE
**COUNTY OF NEW YORK**
ONE HOGAN PLACE
New York, N. Y. 10013
(212) 335-9000



ROBERT M. MORGENTHAU
DISTRICT ATTORNEY

Email: edelmank@dany.nyc.gov

January 11, 2008

Andrew M. Laskin
232 Madison Avenue, Suite 1200
New York, NY 10016

     Re:   Gregory Kleine v. The City of New York, et al.
          Case Number: 06 CV 1089 (PKC)

Dear Mr. Hoffner:

     I represent the New York County District Attorney's Office ("DANY"), a non-party, in connection with the above matter. On December 20, 2007, DANY received your subpoena dated December 13, 2006 in the above matter. I am writing to object to compliance with this subpoena because it is defective, it requests materials which are privileged, and it requests material which are the subject of an on-going criminal case which has not yet concluded.

     Your subpoena seeks a "complete...copy of the District Attorney's file." The subpoena goes on to further specify the documents you seek. But, in essence, the subpoena seeks unrestricted access to the contents of DANY's criminal file.

     FRCivP 45(b)(1) provides in substance that a subpoena must be accompanied by the simultaneous tendering of one day's attendance and mileage fees of $40 as set forth in U.S.C. § 1821(2)(b). See, e.g., CF & I Steel Corp. v. Mitsui & Co. (USA), Inc., 713 F.2d 494, 496 (9th Cir. 1983); see also Gonzalez v. Fenner, 128 F.R.D. 606, 607-608 (S.D.N.Y. 1989) (Sprizzo, J.) (same where non-party subpoenaed to appear at pretrial deposition). Your subpoena fails to comply with that provision.

     FRCivP 45(a)(1)(D) provides in substance that a subpoena must set forth the text of subdivisions (c) and (d) of Rule 45. Your subpoena fails to comply with that provision.

     The Subpoena requests material relating to an ongoing prosecution. On October 25, 2007 the defendant consented to having this case Adjourned in Contemplation of Dismissal until April 25, 2008. Should the defendant not re-offend prior to April 25, 2008, the criminal case will be dismissed. Until then, it is considered an open matter currently being prosecuted by our office. DANY respectfully asks that you withdraw this Subpoena until the case is completed.

Should you choose to continue in your endeavor to receive the above-noted noted items, DANY will be forced to seek leave to have the court intervene on its behalf and consider staying the civil proceeding and/or postpone civil discovery. See Fed. R. Civ. P. 24(b)(2); United States v. Kordel, 397 U.S. 1, 12 n. 27 (1970); Rosenthal v. Giuliani, 2001 U.S. dist. LEXIS 1207 (S.D.N.Y. Feb. 2, 2002)(Peck, M.J.).

Were this case not pending, your Subpoena requests many documents which were generated or obtained by the New York City Police Department (NYPD. DANY objects to the disclosure of these documents. You have not alleged that you have made any attempts to obtain these documents from NYPD and have failed to obtain them. You should attempt to do so prior to subpoenaing such documents from non-party DANY's files. NYPD is in the best position to assert any relevant privileges or other legal restrictions to the disclosure of its records. See Thomas v. City of Mount Vernon, 1990 U.S. Dist. LEXIS 3036 (S.D.N.Y. 1990) (motion to compel non-party District Attorney's Office to comply with subpoena requesting police documents denied where Plaintiff did not explain why information sought could not be obtained directly from police department); see also Cruz v. Kennedy, 1998 U.S.Dist. LEXIS 15599 (S.D.N.Y. 1998).

The file contains copies of the following documents created by or obtained from NYPD:

1. Medical Treatment of Prisoner Form
2. Prisoner Movement Slip
3. Memobook, P.O. Moscoso, 4 pages
4. Memobook, P.O. Rhone, 2 pages
5. Color copies of photos of defendant printed on 8 ½ x 11 paper, 18 pages
6. On-line Booking Sheet (typed), 2 pages
7. Complaint Report (typed), 2 pages
8. Desk Appearance Ticket
9. Desk Appearance Ticket Investigation, 2 pages
10. DAT Report, 8 pages
11. Arrest Report
12. IAB Callout Report, 2 pages
13. IAB Investigating Officer's Report (IAB IOR), Response to St. Vincent's Hospital 5/4/2007, 2 pages
14. IAB IOR, Interview of Gregory Kleine, 5/4/2007, 2 pages
15. IAB IOR, 5/15/2007, Metro card History Check
16. IAB IOR, 5/4/2007, Photo Array, 2 pages
17. IAB IOR, 5/4/2007, Arrest Documents
18. IAB IOR, 5/4/2007, Medical Records Request Form
19. IAB IOR, 5/4/2007, Surveillance Video Investigation
20. IAB IOR, 5/4/2007, Background Check, PO Rhome, 2 pages
21. IAB IOR, 5/4/2007, Background Check, PO Moscoso, 2 pages
22. IAB IOR, 5/4/2007, Metro card History Check
23. IAB IOR, 5/4/2007, Defendant background check
24. IAB IOR, 5/4/2007, Request for 911 and Radio Transmissions

25. IAB IOR, 5/4/2007, Request for Command Center tape
26. IAB IOR, 5/4/2007, Notifications to superiors
27. IAB IOR 5/7/2007, follow up on request for Surveillance
28. IAB IOR, 5/11/2007, No video available
29. IAB IOR, 5/17/2007, Received Command Center Disc
30. IAB IOR, 6/8/2007, Attempt to Obtain Medical Records
31. IAB IOR, 6/13/2007, Request for Canvass
32. IAB IOR, 6/13/2007, Defendant background check
33. IAB IOR, 6/13/2007, PO background checks
34. Photo Array, 4 pages
35. Prisoner Holding Pen Roster
36. Discharge Instructions, St. Vincent's Hospital
37. Complaint Report (typed), 2 pages
38. OLBS (typed), 3 pages
39. Prisoner Pedigree Card
40. Command Log, 2 pages
41. Desk Appearance Ticket
42. Roll Call Adjustment
43. Roll Call, 5 pages
44. Officer History, PO Rhome, 20 pages
45. Officer History, PO Moscoso, 18 pages
46. BADS printout, 3 pages
47. Request for 911 Sprint Records, 2 pages
48. Request for Command Center Disc, 2 pages
49. Medical Information and HIPAA release authorization by defendant, 2 pages
50. Metro card check, 3 pages
51. 49, Injured Prisoner in the Confines of TD-02, 2 pages
52. 49, Transmittal OG Case
53. E-Justice background check on defendant, 5 pages
54. Request for Canvass, 2 pages

Were this case not pending, DANY would object to the disclosure of a two page print out of Gregory Kleine's criminal history obtained from the State of New York Division of Criminal Justice Services ("DCJS") in response to a request DANY made to that agency. DCJS provided this criminal history to DANY on a confidential basis and solely for the purpose of the investigation of the criminal case. See 9 NYCRR § 6150.4.

DCJS is in the best position to assert relevant privileges and other legal restrictions to the disclosure of this information. You should make his request for this information directly to DCJS. You do not allege that you have attempted to obtain this information from DCJS and failed. See Thomas v. City of Mount Vernon, supra; see also Cruz v. Kennedy, supra.

Were this case not pending, DANY would object to the disclosure of the below detailed documents on the ground that they are protected by the work product, and law enforcement or official information privileges. The work product privilege protects interview summaries generated by attorneys during a criminal investigation. Such documents are privileged absent a

showing of substantial need. Fed.R.Civ.P. 26(b)(3); see United States v. Nobles, 422 U.S.225.238 (1975); see also Hickman v. Taylor, 329 U.S.495, 512 (1947); Coleco Indus. Inc. v. Universal City Studios, 110 F.R.D. 688, 690 (S.D.N.Y. 1986)(Sweet, J.); New Gold Equities Corp., et al., No. 89 Civ. 5472, 1990 Dist. LEXIS 15173 (S.D.N.Y. Nov. 13, 1990)(Dolinger, M.J.)(applying work product privilege to non-party). The privilege applies to documents which reflect an attorney's mental impressions, conclusions, opinions or legal theories and which "assemble[s] information, sift[s] what [the attorney] considers to be the relevant from the irrelevant facts, [and assists] to prepare his legal theories." Hickman v. Taylor, supra at 511. The law enforcement or official information privilege protects the government's interest in ensuring the secrecy of law enforcement documents. See G-69 v. Degnan, 130 F.R.D. 326, 332 (D.N.J. 1990); see also Thompson v. Lynbrook Police Dept., 172 F.R.D. 23, 26 (E.D.N.Y. 1997).

DANY's file contains the following documents that are privileged and not subject to disclosure:

1. Notes to assigned prosecutor from calendar part prosecutors in case of People v. Gregory Kleine
2. Correspondence by the assigned prosecutor or to the assigned prosecutor related to the prosecution of Gregory Kleine
3. Handwritten interview notes of witnesses by the assigned prosecutor
4. Criminal Court Supervisor Evaluation Sheet
5. D.A. Datasheet, page 1 only

Were this case not pending, DANY would have no objection to providing the following documents to you. They would be provided at a photocopying cost of twenty-five cents ($0.25) per page:

1. Criminal Court Complaint
2. Criminal Court back, 1 page

DANY reserves the right to raise detailed objections at a later time after the court issues a ruling on the objections DANY is making at this time. Thus, DANY's decision not to raise them in this letter should not be construed as a waiver of that right.

Should you believe that court action is necessary with regard to this matter pursuant to Rule 45(c)(2)(b) of the Federal Rules of Civil Procedure, pleas afford my Office reasonable notice so that our position may be made known to the Court. I am, of course, available to discuss this matter with you prior to any court intervention.

Since I am the attorney representing the District Attorney's Office, please do not attempt to directly contact the Assistant District Attorney or any other employees of this Office who may have been involved in the underlying criminal matter. If you have any questions about my response to your subpoena, please contact me directly.

Sincerely,

Karen D. Edelman (KE6171)
Assistant District Attorney
(212) 335-4335

cc: Assistant Corporation Counsel Sabrina Tann

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

GREGORY KLEINE,

                                 Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
LEONARDO MOSCOSO, TR#937146, and JOHN DOES
1-6 Representing Several Unidentified Police Officers
Assigned To Transit Division District 02, In their
Individual and Official Capacities,

                                 Defendants.

------------------------------------------------------------------------ x

**DEFENDANTS'
RESPONSES AND
OBJECTIONS TO
PLAINTIFF'S FIRST
DEMAND FOR
DOCUMENTS**

07 Civ. 5887 (PKC)

          Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, defendants City of New York and Leonardo Moscoso respond and object to plaintiff's First Demand for Documents as follows:

## GENERAL STATEMENT

          1.      By responding to any request, defendants do not concede the materiality of the subject to which it refers.  Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

          2.      Defendants object to this Document Request to the extent that it demands documents and/or information which are protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes.  Defendants also object in the entirety to any request for documents which is not limited in time.

3.    Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

4.    Defendants object in the entirety to any request for information or production from entities not represented by the Corporation Counsel of the City of New York.

5.    Defendants object to these interrogatories to the extent that they seek to impose obligations beyond those required by the Federal Rules of Civil Procedure.

6.    Defendants further object in the entirety to the interrogatories to the extent that they seek the home address of individuals identified by the defendants in response to the Interrogatories.

7.    With respect to the request for the production of documents, defendants will provide, under separate cover, a privilege index, if necessary.

8.    Defendants are continuing to search for information responsive to plaintiff's requests and therefore reserve the right to supplement its response to each request with additional information, if and when such information becomes available to defendants' counsel. Defendants also reserve the right to object to the future disclosure of any such information.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR DOCUMENTS

### DOCUMENT REQUEST NO. 1:

NYPD arrest report ID #: M07639919, including online booking arrest worksheet and arrest photographs.

### OBJECTION AND RESPONSE TO REQUEST NO. 1:

Defendants object to Document Request No. 1 on the grounds that it is overbroad, and to the extent it seeks documents not relevant or reasonably calculated to lead to the discovery of admissible evidence.    Notwithstanding, and without waiving or in any limiting these objections or defendants' General Objections, defendants refer plaintiff to the Online Arrest Report No. M07639919 annexed to defendants initial disclosures dated December 5, 2007 and reproduced by letter dated December 27, 2007 bearing Bates Nos. 8-10 and to the Arrest Report bearing Bates No. 15 and the Online Booking Arrest Worksheet bearing Bates Nos. 16-17 annexed hereto for information responsive to this request. Defendants state that they continue to search for additional documents responsive to this request and will supplement their response if such documents are located.

**DOCUMENT REQUEST NO. 2:**

Memo BOOK entries for 5/3/07-5/4/07 of defendant Moscoso and fellow OFFICERS.

**OBJECTION AND RESPONSE TO REQUEST NO. 2:**

Defendants object to Document Request No. 2 on the grounds that it is vague, ambiguous, overbroad, assumes facts not established and to the extent it seeks documents not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding, and without waiving or in any limiting these objections or defendants' General Objections, defendants refer plaintiff to Officer Moscoso's memobook entry for the incident alleged in the complaint bearing Bates Nos. 20-23 annexed hereto. Defendants state further that they continue to search for additional documents responsive to this request and will supplement their response if such documents are located.

**DOCUMENT REQUEST NO. 3:**

UF 61 complaint report

- 3 -

**OBJECTION AND RESPONSE TO REQUEST NO. 3:**

Defendants object to Document Request No. 3 on the grounds that it is vague and overbroad and assumes facts not established. Notwithstanding, and without waiving or in any limiting these objections or defendants' General Objections, defendants state, upon information and belief, that they continue to search for information responsive to this request and will supplement their response if such documents are located.

**DOCUMENT REQUEST NO. 4:**

Medical treatment of prisoner form

**OBJECTION AND RESPONSE TO REQUEST NO. 4:**

Defendants object to Document Request No. 4 on the grounds that it is vague, ambiguous, overbroad and assumes facts not established. Notwithstanding, and without waiving or in any limiting these objections or defendants' General Objections, defendants state that they are searching for documents responsive to this request and will supplement their response if such documents are located.

**DOCUMENT REQUEST NO. 5:**

Complete Internal Affairs file for log # 07-16913 callout #: 07-1145 and audio tape (go 15) of call out with IAB log for subject call photo arrays #13220 and 13219 photographs of complaint pg 206-13 interrogation (audio tape and transcripts) of P.O. Moscoso and any/all other officers.

**OBJECTION AND RESPONSE TO REQUEST NO. 5:**

Defendants object to Document Request No. 5 on the grounds that it is vague, ambiguous, overbroad, assumes facts not established, to the extent it seeks documents which are not in defendants' possession, custody or control and to the extent it calls for documents protected by privilege and privacy issues. Notwithstanding, and without waiving or in any limiting these objections or defendants' General Objections, defendants state that they are

- 4 -

searching for documents responsive to this request and will supplement their response if such documents are located.

## DOCUMENT REQUEST NO. 6:

Command log, transit district 02, 5/3/07-5/4/07

## OBJECTION AND RESPONSE TO REQUEST NO. 6:

Defendants object to Document Request No. 6 on the grounds that it is vague, ambiguous, overbroad and to the extent it seeks documents not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding, and without waiving or in any limiting these objections or defendants' General Objections, defendants refer plaintiff to the Command Log entry reflecting plaintiff's arrest bearing Bates No. 11, which was annexed to defendants' initial disclosures dated December 5, 2007.

## DOCUMENT REQUEST NO. 7:

Roll call for transit dist 02, 5/3/07-5/4/07

## OBJECTION AND RESPONSE TO REQUEST NO. 7:

Defendants object to Document Request No. 7 on the grounds that it is overbroad and seeks information not relevant or reasonably calculated to lead to the discovery of admissible evidence insofar as plaintiff has already identified the officers he wishes to sue in this action.

## DOCUMENT REQUEST NO. 8:

Sprint report, 911 call, radio traffic with respect to incident and plaintiff's arrest and detention.

## OBJECTION AND RESPONSE TO REQUEST NO. 8:

Defendants object to Document Request No. 8 on the grounds that it is vague, ambiguous, overbroad and assumes facts not established. Notwithstanding, and without waiving or in any limiting these objections or defendants' General Objections, defendants state that they

are searching for documents responsive to this request and will supplement their response if such documents are located.

**DOCUMENT REQUEST NO. 9:**

Personnel file/disciplinary history of P.O. Moscoso

**OBJECTION AND RESPONSE TO REQUEST NO. 9:**

Defendants object to Document Request No. 9 on the grounds that it is vague, ambiguous, overbroad, burdensome, not limited in time, to the extent it seeks privileged or private documents or documents not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding, and without waiving or in any way limiting these objections or the General Objections and limiting the request to substantiated allegations within ten years of the institution of this action of false statement or conduct of a nature similar to that alleged in the complaint, defendants state, upon information and belief, that there are no documents responsive to this request.  Additionally, defendants will produce the performance evaluations Officer Moscoso, subject to the execution of an appropriate Stipulation and Protective Order.

**DOCUMENT REQUEST NO. 10:**

File of the District Attorney, New York County

**OBJECTION AND RESPONSE TO REQUEST NO. 10:**

Defendants object to Document Request No. 10 on the grounds that it is vague, ambiguous, overbroad and calls .for production of documents which are sealed, not in defendant's possession, custody or control and are publicly and equally available. Notwithstanding, and without waiving or in any limiting these objections or defendants' General Objections, defendants refer plaintiff to the documents produced by the District Attorney's

Office in response to plaintiff's subpoena endorsed by the Judge on December 13, 2007 for documents responsive to this request.

**DOCUMENT REQUEST NO. 11:**

CCRB file with respect to plaintiff's complaint against the defendants.

**OBJECTION AND RESPONSE TO REQUEST NO. 11:**

Defendants object to Document Request No. 11 on the grounds that it is vague, overbroad and to the extent that it seeks information not within defendants' possession, custody or control and protected by law enforcement privilege. Notwithstanding, and without waiving or in any way the General Objections, defendants state that they have been informed by the CCRB that the investigation of Case No. 200706535 is currently open and therefore, there will be no documents that are responsive to this request available for production until the investigation is closed and a decision is reached by the CCRB panel.

**DOCUMENT REQUEST NO. 12:**

Copies of any/all records obtained by defense counsel pursuant to subpoena and/or through submission of authorization furnished by plaintiff herein.

**OBJECTION AND RESPONSE TO REQUEST NO. 12:**

Defendants object to Document Request No. 12 on the grounds that it is vague, ambiguous, overbroad and to the extent that the documents sought are equally accessible to both parties. Notwithstanding, and without waiving or in any limiting these objections or defendants' General Objections, defendant refers plaintiff to the documents previously provided bearing Bates Nos. 1-14 and the documents annexed hereto bearing Bates Nos. 15-17.

Dated:      New York, New York
            January 8, 2008

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                               City of New York
                              Attorney for Defendants City of New York and
                              Leonardo Moscoso
                              100 Church Street, Room 3-221
                              New York, New York 10007
                              (212) 788-8600

                    By:      _____
                              SABRINA TANN
                              Assistant Corporation Counsel

TO:   **BY FIRST CLASS MAIL**

      ROBINSON & YABLON, P.C.
      Andrew M. Laskin (AL9379)
      Attorney for Plaintiff
      232 Madison Avenue, Suite 1200
      New York, New York 10016
      (212) 725-8566

**ON LINE BOOKING SYSTEM ARREST WORKSHEET**
PD 244-159 (Rev. 5-01)-Pent-RMU

| Arrest No. | Arrest Pct. | Sector | DAT ☐ Yes ☐ No | Return Date | Officer Excused ☐ Yes ☐ No | Special Event Code |
|---|---|---|---|---|---|---|

**COMPLETE THIS SECTION ONLY FOR AN ARREST WHEN A COMPLAINT REPORT WAS PREVIOUSLY PREPARED**

| Original Complaint | Date | Offense | Complainant's Name (Last Name, First, M.I.) |
|---|---|---|---|
| Pct. ___ Compl. # | | | |

**REQUIRED ONLY FOR AN OCCB ARREST AND AN ARREST NOT REQUIRING A COMPLAINT REPORT**

**OFFENSE / LOCATION OF OFFENSE**

| Time | Date 11/4/07 | Address/Location Of Offense: ☐ Stabside ☐ In Front Of ☐ Rear Of ☐ Opposite Of  Subway | Apt/Room # |
|---|---|---|---|
| Cross Streets 145t | & 7th Ave | OR Intersection Of ___ & ___ | Corner ☐ N/E ☐ N/W ☐ S/E ☐ S/W |

Jurisdiction (check one) ☐ NYPD ☒ NYPD Transit Bureau ☐ NYPD Housing Bureau ☐ Other ___

Premises Type: ☐ Residential ☐ House of Worship ☐ School: ☐ Public ☐ Private
☐ Public Transportation ☐ Commercial ☐ Other ___

On NYC Bd. of Ed. ☐ Yes ☒ No  Type of School: ☐ Elem. ☐ IS ☐ JHS ☐ HS ☐ Sp. Ed.  School No. ___  School Name ___
School Property ☐ Yes ☒ No

NYC Transit Station 145  Line # ___  Location In Transit System N/B Plct.  NYCHA Development Name

**THE FOLLOWING INFORMATION MUST BE COMPLETED FOR ALL ARRESTS**

**ARRESTING OFFICER**

| Department NYPD | Command TD-2 | Tax Registry No. 937146 | Identification No. (If Not NYPD) | Shield No. 3617 |
|---|---|---|---|---|

Last Name Moscoso, Leonardo  First ___  M.I. ___

Off Duty ☐ Yes ☒ No  In Uniform ☐ Yes ☒ No  Squad A1  Chart 3x1  Primary Assignment: ☐ Beat Officer ☐ Other Uniform ☒ Anti-Crime
☐ Investigatory ☐ Other

Force Used Type: ☐ Handgun ☐ Chemical Agent ☐ Rifle/Shotgun  Reason For Force: ☐ Overcome Assault ☐ Arresting Officer Injured
☐ Yes ☒ No  ☐ Physical Force ☐ Baton ☐ Other  ☐ Prevent Escape ☐ Restrain ☐ Other ☐ Yes ☐ No

Assigned ☐ Yes ☒ No  Department ___  Command ___  Tax Registry No. ___  Ident. No. (If Not NYPD) ___  Last Name, First, M.I. ___

**ARREST INFORMATION**

| Time 0930 | Date 4/4/07 | Address/Location Of Arrest: ☐ Stabside ☐ In Front Of ☐ Rear Of ☐ Opposite Of  Subway | Apt/Room # |
|---|---|---|---|
| Cross Streets 145 | & 7th Ave | OR Intersection Of ___ & ___ | Corner ☐ N/E ☐ N/W ☐ S/E ☐ S/W |

Arrest Numbers of Associates
1. ___ 2. ___ 3. ___

Is This Arrest Related ☐ Yes  If Yes, Serial #
To Stop And Frisk Report ☒ No ___

| Invoice # | Command | Type: ☐ Drugs ☐ Veh. ☐ Curr. ☐ Gun ☐ Jwlry ☐ Boat ☐ Other |
|---|---|---|
| Invoice # | Command | Type: ☐ Drugs ☐ Veh. ☐ Curr. ☐ Gun ☐ Jwlry ☐ Boat ☐ Other |

**DEFENDANT INFORMATION**

Last Name Kleine  First Gregory  M.I. ___  Date Of Birth 8/14/66  Age ___

Occupation ☐ License/Permit Type (Excluding Drivers Lic.)
Engineer ☐ Handgun ☐ Tow Truck Driver ☐ Taxi Medallion ☐ Water Front Lic.
☐ Rifle ☐ Tow Truck Owner ☐ Taxi Livery ☐ Other  License/Permit #

Telephone Calls: 1( ) ___ - ___  Name ___
2( ) ___ - ___  Name ___
3( ) ___ - ___  Name ___

Physical Condition:
☐ Apparently Normal  ☒ Injury-To Hospital  ☐ Inlox.-Drugs  ☐ Sick-To Hospital  ☐ Unknown
☐ Deceased  ☐ Injury-RMA  ☐ Inlox.-Unknown  ☐ Sick-RMA
☐ EDP-To Hospital  ☐ Injury-Treated & Released  ☐ Pregnant-Normal  ☐ Sick-Treated & Released
☐ EDP-Released From Hospital  ☐ Inlox.-Alcohol  ☐ Pregnant-Requires Medical Aid  ☐ Unconscious

Type of Drug Used:
☐ Opium & Derivative  ☐ Other Cocaine  ☐ Synthetic Opiates  ☐ Hallucinogens  ☐ Glue-Toxic Vapors  ☐ Unknown
☐ Crack  ☐ Marijuana/Hashish  ☐ Depressant/Stimulant  ☐ Hypo-Syringe-Needle  ☐ Other  ☒ None

**JUVENILE**

Juv. Offender ☐ Yes ☐ No  Number of Priors  School Attending  Mother's Maiden Name

Relative ☐ Parent ☐ Guardian  Name (Print)  Tele.# ( )  Time Notified  Personal ☐ Yes
Notified ☐ Other Relative  Recog: ☐ No

**CHARGES**

| | ATTEMPT? | LAW | SECTION | SUB. | CLASS | TYPE | COUNTS | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| Top Chg. | ☐ Yes ☒ No | PL | 240.20 | (1) | V | V | | Discon |
| 2nd Chg. | ☐ Yes ☒ No | PL | 205.30 | | A | M | 1 | Resisting Arrest |
| 3rd Chg. | ☐ Yes ☐ No | | | | | | | |
| 4th Chg. | ☐ Yes ☐ No | | | | | | | |
| 5th Chg. | ☐ Yes ☐ No | | | | | | | |

If Drug Possession/Sale is Top Charge: ☐ Crack ☐ Other Cocaine ☐ Opium Deriv. ☐ Synthetic ☐ Other Drug

**NARRATIVE**

At T/P/o Deft. was observed acting in a violent manner. When
PD attempted to put Deft. in custody Deft. flared his arms &
refused to be arrested.
cut 830 7

| Rank/Title PO | Arresting Off. / Assigned Off. Name (Print) Moscoso, Leonardo | Signature | Tax Registry No. TJ9 | Command TD | Agency NYPD |
|---|---|---|---|---|---|
| Rank/Title SGT | Supervisor Approving Name (Print) Nunziato, John | Signature | Tax Registry No. ___ | Command TD-02 | Agency NYPD |

16

**COMPLAINT INFORMATION**

| Pct. | Compl. # | | Date | Offense | | Victim's Name | Location Of Occ. |
|---|---|---|---|---|---|---|---|

Order Of Protection In Effect: ☐ Yes ☐ No    Issuing Court    Docket #    Exp. Date Of Order Of Protection

Precinct Of Arrest / Arrest #    Last Name: Kleine Gregory    First    M.I.

**PERPETRATOR**

Nickname/Alias/Maiden Name    Sex: ☑ Male ☐ Female   Date Of Birth: 8/14/06   Age: 5   Height: Ft. 10 In.   Weight: 165   Race: ☑ White ☐ Black ☐ Am. Ind./Alaskan Native ☐ Asian/Pacific Is. ☐ Hisp. White ☐ Hisp. Black

Eye Color: Blue   Hair Color: BR   Hair Length:   U.S. Citizen: ☐ Yes ☐ No   State/Country Of Birth

Address: ☐ NYC ☐ NYS ☐ Other ☐ Homeless   161 Sixtond Avenue   Apt# / Room#: 09C   City: NY   State/Country: NY   Zip: 10023   Resident Pct.

Business Address    Business # (    )
Home Phone #: (22) 709 - 0167   Beeper # (    )
E-Mail Address    Cell Phone # (    )

Is Interpreter Needed For Further Investigation: ☐ Yes ☑ No   If Yes, Indicate Language   Accent   Victim and Perp. Living Together: ☐ Yes ☐ No ☐ Formerly Lived Together   Can Identify Perp: ☐ Yes ☐ No

Victim Steps. Perp. is: ☐ Mother ☐ Uncle ☐ Son ☐ Grandchild ☐ Fiance/Fiancee ☐ Employer ☐ Unknown ☐ Husband ☐ C/L Wife ☐ Guardian ☐ Aunt ☐ Daughter ☐ In-Law ☐ Boyfriend ☐ Co-Worker ☐ C/L Husband ☐ Divorced ☐ Grandfather ☐ Brother ☐ Nephew ☐ Same Sex Partner ☐ Girlfriend ☐ Friend/Acquaintance ☐ Wife ☐ Father ☐ Grandmother ☐ Sister ☐ Niece ☐ Other Relative ☐ Employee ☐ Stranger

Social Security #    N.Y.C.H.A. Resident: ☐ Yes ☐ No   If Yes, Name Of Development   N.Y.C.H.A. Employee: ☐ Yes ☐ No   If Yes: ☐ On Duty ☐ Off Duty ☐ Unknown   N.Y.C. Transit Employee: ☐ Yes ☐ No   ☐ On Duty ☐ Off Duty ☐ Unknown



Physical Force: ☐ Used/Displayed ☐ Possessed ☐ Simulated ☐ None   Weapon: ☐ Handgun ☐ Alleged Gun ☐ Toy Gun ☐ Zip Gun ☐ Shot Gun ☐ Machine Gun   Gun Discharged: ☐ Yes ☐ No   Gun: ☐ Rifle ☐ Other Gun (Specify)   Make   Color   Calibre   Type   ☐ Dazed ☐ Threatened ☑ None   Cutting Instrument: ☐ Boxcutter ☐ Knife ☐ Other   ☐ Blunt Instrument   ☐ Poison/Chemical Agents   ☐ Bomb/Incendiary Device   ☐ Other Weapon (Describe)

Gang Affiliation: ☐ Yes ☑ No   If Yes, Indicate Name Of Gang   Gang Identifiers (Colors, Beads, Tattoos, Etc.)

Used Subway System: ☐ Yes ☑ No   If Yes, Station Entered And Time   Metro Card: ☐ Used ☐ Possessed Only   Serial #   Type: ☐ Student ☐ Senior Citizen ☐ Transit Employee   ☐ Standard ☐ Handicapped ☐ Police

Statement Made By Perpetrator During Commission Of Offense    Method Of Flight

**M.O. (Check All That Apply)**
☐ Asked Questions/Offered Assistance ☐ Bag Opener ☐ Bicycle Used ☐ Car Jack ☐ Con Game ☐ Deception Used ☐ Entry Through Window/Fire Escape
☐ Followed Victim Along Street ☐ Followed Victim To/From ATM/Bank ☐ Hijack ☐ Jewelry/Neck Chain Snatch ☐ Jumped From Vehicle ☐ Motorcycle Used ☐ Note Was Passed ☐ Opened Safe ☐ Payroll
☐ Perp Made Statement ☐ Perp Offered Sex ☐ Pick Pocket ☐ Property Snatched From Hand ☐ Push-In ☐ Purse/Wallet Snatch ☐ Took Victim To Isolated Area ☐ Other

**Transit M.O.**
☐ Escaped Between Train Cars ☐ Escaped By Track/Tunnel ☐ Followed Victim From Street To Subway ☐ Held Train Doors ☐ Lush Worker ☐ Reached From Moving Train ☐ Removed Victim From Subway System ☐ Other

**Action Toward Victim: (Check All That Apply)**
☐ Fired Shot At ☐ Made Victim Strip ☐ Pepper/Chemical Spray ☐ Stabbed/Slashed/Cut ☐ Struck With Object ☐ Tied/Handcuffed ☐ Tortured ☐ Used/Threat With Flame ☐ Unk/None ☐ Other

**Head Gear:**
☐ Baseball Cap ☐ Beret/Military Cap ☐ Cowboy Hat ☐ Mask ☐ Ski Cap/Watch Cap ☐ Skull Cap ☐ Stocking Cap ☐ Straw Hat/Fedora ☐ Turban ☐ Unk/None ☐ Other

**Foot Wear:**
☐ Barefoot ☐ Boots ☐ Dress Shoes ☐ High Heels ☐ Loafers/Moccasins ☐ Roller Blades ☐ Sandals ☐ Sneakers ☐ Workboots ☐ Unk ☐ Other

**Outer Wear:**
☐ Gang, Team, School Jacket ☐ Leather, Suede, Fur Trim ☐ Military Clothing ☐ Overcoat/Top Coat ☐ Smock/Ski Hooded Jacket ☐ Sport/Dress Jacket ☐ Sweater/Vest ☐ Sweat Shirt/Jogging Jacket ☐ T-Shirt/Tank Top ☐ Waist Length Jacket ☐ Unk/None ☐ Other

**Special Characteristics: (Check All That Apply)**
☐ Arm (Amputee) ☐ Beard ☐ Eyebrows ☐ Goatee ☐ Eyes ☐ Left Handed ☐ Hand/Arm ☐ Bald ☐ Leg (Amputee) ☐ Mustache ☐ Lips ☐ Odor ☐ Nose ☐ Teeth ☐ Sideburns ☐ Very Muscular ☐ Tracks ☐ Eye Glasses ☐ Speech Impairment/Stutter ☐ Sun Glasses ☐ Skin Condition ☐ Unk/None

**Hairstyle:**
☐ Afro ☐ Dreadlocks ☐ Bald ☐ Kinky ☐ Bald (Partial) ☐ Pony Tail ☐ Braids ☐ Processed ☐ Caesar ☐ Shaved ☐ Close Cut ☐ Straight ☐ Corn Rows ☐ Wig ☐ Crew ☐ Unk ☐ Curly/Wavy ☐ Other

**Skin Tone:**
☐ Light ☐ Medium ☐ Dark ☐ Unk

**Complexion:**
☐ Blotchy ☐ Clear ☐ Flushed/Ruddy ☐ Pimpled ☐ Tan ☐ Yellow ☐ Brown ☐ Freckled ☐ Olive ☐ Pockbed ☐ Wrinkled ☐ Unk ☐ Other

**Other Clothing/Accessories:**
☐ Bag/Briefcase ☐ Skirt/Dress ☐ Dirty/Torn/Messy ☐ Slacks ☐ Gloves ☐ Sweat/Jogging Clothes ☐ Jeans ☐ Tools/Keys ☐ Jewelry ☐ Uniform ☐ Radio Used ☐ Well Dressed ☐ Scarf/Bandana/Sweatband ☐ Work Clothes ☐ Shorts ☐ Unk/None ☐ Other

**Distinguished Body Marks:**
#1 #2
☐ ☐ Birthmark
☐ ☐ Body Piercing
☐ ☐ Scar
☐ ☐ Tattoo (Can't Describe)
☐ ☐ Tattoo Picture
☐ ☐ Tattoo Word
☐ ☐ Tattoo Word & Picture
☐ ☐ Unk/None
☐ ☐ Other

**Body Mark Location**
#1 #2
☐ ☐ Arm
☐ ☐ Face/Head
☐ ☐ Hand
☐ ☐ Leg
☐ ☐ Neck
☐ ☐ Torso

**Describe Tattoo**
Words: #1
#2
Picture #1
#2

**Impersonation Of:**
☐ Customer/Client ☐ Employee ☐ Female ☐ Law Enforcement Officer ☐ Male ☐ Security Officer ☐ Public Servant ☐ Utility Worker ☐ Unk/None ☐ Other

CRIME INCIDENT DATA (MUST BE COMPLETED FOR ALL ARREST CASES) INCLUDE ANY ADDITIONAL DATA IN THE "NARRATIVE" SECTION

```
NEW YORK CITY POLICE DEPT ARREST REPORT RUN DATE 07/30/07 RUN TIME 13:18:34
                    THIS IS AN UPDATED ARREST

**************************************************************************
DEFENDANT INFORMATION
  NAME:KLEINE          GREGORY       SEX:M RACE:WHITE        ARREST ID: M07639919
  AKA:                                                       DOB:08/14/66 AGE: 40
                      CITZ? 999 POB:USA                      PHONE:(___)___-____

  ADDR: 101    WESTEND AVEN MANHATTAN   NY 10023 RES PCT: UNK-IN NYC
  SKIN TONE: LIGHT  HGT: 5-10  WGT: 165 EYE COLOR: HAZEL  HAIR COLOR:BLOND
  SOC STATUS:           SOC SEC #:                    DEFT/VICT RELAT: 9999999999
  PHYSICAL COND: INJ-TREATED RELEASED       TYPE DRUG USED: NONE
  OCCUPATION AREA: OTHER
  LICENSE/PERMIT TYPE(EXC DRIVER/OPR/REG):             NO:
  CALLS: NO:              NAME: REFUSED      NO:(   )      NAME: _____
  ORACLE# 00000000 NYSID# 2577568Q FAX# MP004490 ARR.PROC: D A T


**************************************************************************
NARRATIVE: AT T/P/O DEFT. WAS OBSERVED ACTING IN A VIOLENT MA
           NNER. WHEN PO ATTEMPTED TO PUT DEFT IN CYSTODY DEF
           T FLARED HIS ARMS AND REFUSED TO BE ARRESTED.  CN#
**************************************************************************
CHARGES INFORMATION
             ATT  LAW   SEC SUB  CLS TYPE CTS     DESCRIPTION
TOP CHARGE-->| N | PL | 205.30 00 | M | A | 01 | RESIST ARREST
TOTAL CHARGES| N | PL | 240.20 01 | V | 0 | 01 | DISORD CONDUCT
COUNT = 02   |   |    |           |   |   |    |
             |   |    |           |   |   |    |
             |   |    |           |   |   |    |
**************************************************************************
ARREST RELATED INFORMATION              | DAT? YES     RETURN DATE:06/04/07
                                        | DAT# 00000000    A/O EXC? 999
TIME 02:20 DATE 05/04/07 CMD 006
WEAPON POSS/USED:_____ ARREST LOC:      SUBWAY MANHATTAN 1
NUM OF ASSOC:00
PROPERTY VOUCHERS:
       1 NO:        CMD:     VAL:          TYP:_____
       2 NO:        CMD:     VAL:          TYP:_____
       3 NO:        CMD:     VAL:          TYP:_____
**************************************************************************
COMPLAINANT/UF-61/VICTIM INFORMATION
IS COMPL A CORP? NO   OR PSNY? YES  OR DISABLED? NO    TOTAL VICTIMS = 00
COMPL NAME:
  ADDR:                                     TEL NUM: (___)___-____
  AIDED NO: ____ AIDED CMD: ___ ACC NO:      ACC CMD:
UF-61:   NO:003978 CMD:013 SECTOR:G   JURISDICTION: N.Y. TRANSIT POLICE
TIME & DATE OF OCCURRENCE:  02:10  ON  04/04/07   METHOD:
PREMISES:_____   LOCATION:                 MANHATT
**************************************************************************
ARRESTING OFFICER INFORMATION
NAME:MOSCOSO            LEONARDO   RANK:POM TAX NUMBER:          SHIELD:03617
DEPT:TRFD            CHART: FIRST PLIN CT      SQUAD: A1         ASSN:

OFFICER:  INJURED? NO     ASSIGNED? YES   ON DUTY? YES  IN UNIFORM? NO
USED FORCE? YES TYPE:99999                             EASON:9999990      999999999
```

STATE OF NEW YORK
COUNTY OF NEW YORK ss

15



CITY OF NEW YORK
POLICE DEPARTMENT

Name _Muccoso, L_

Date Opened _2-22-05_    Supervisory Officer

Date Closed _6/16/07_    Supervisory Officer

Tax. Reg. No

A 503561

PD 112 145 (8-80) 12



*Kouza: one under the Discon/ Resisting
Arrest maybe due to not have my bag, esc for
Kleine, Gregory m/w 9/14/66
medt ant release @
St. Uncent Hospital
Arrest# M076349141 ant 9/3/07





FRIDAY MAY 4, 2007                    457

REDACTED

NOTIFICATION PO KHEMIE AT ST. VINCENT HOSP WITH INJURED PRISONER
M/W/30 GREGORY KLEINE, PO MOSCOSO AT D2 PROCESSING
ARREST. TBM DUTY CAPT AND IAB NOTIFIED CN# 83107

FRIDAY MAY 4, 2007

REDACTED

DESK REF.#    Sgt Lynch to desk Sgt Pintero to Adam

A/O  PO Moscoso, Gonzales    S# 937 7 CMD 7202
ARREST LOC _____    ARREST TIME 8:25
DEF  KLowe, Pierce    S/ M  P'CE B/ AGE 20 DOB 11/1/66
ADDRESS 181 6th St. 3rd floor Apt 14 Bklyn
CHARGE(S) DisCon / Burglary
FUNDS 245.00 RET/VOUCH PROPERTY _____
UNCARED FOR DEPENDENTS _____
PHYSICAL/MENTAL COND Normal ; Bruise on Nose
DEBRIEFED BY ___ A/O ___
REMARKS _____

187

REDACTED



REDACTED



165

REDACTED



Copyright © 2003 All rights reserved
FOR OFFICIAL USE ONLY

REDACTED



# DEFENDANTS'
# EXHIBITS

# DEFENDANTS' EXHIBITS



**DISTRICT ATTORNEY**
OF THE
**COUNTY OF NEW YORK**
ONE HOGAN PLACE
New York, N. Y. 10013
(212) 335-9000

ROBERT M. MORGENTHAU
DISTRICT ATTORNEY

Email: edelmank@dany.nyc.gov

January 11, 2008

Andrew M. Laskin
232 Madison Avenue, Suite 1200
New York, NY  10016

Re:  Gregory Kleine v. The City of New York, et al.
     Case Number: 06 CV 1089 (PKC)

Dear Mr. Hoffner:

I represent the New York County District Attorney's Office ("DANY"), a non-party, in connection with the above matter. On December 20, 2007, DANY received your subpoena dated December 13, 2006 in the above matter. I am writing to object to compliance with this subpoena because it is defective, it requests materials which are privileged, and it requests material which are the subject of an on-going criminal case which has not yet concluded.

Your subpoena seeks a "complete...copy of the District Attorney's file." The subpoena goes on to further specify the documents you seek. But, in essence, the subpoena seeks unrestricted access to the contents of DANY's criminal file.

FRCivP 45(b)(1) provides in substance that a subpoena must be accompanied by the simultaneous tendering of one day's attendance and mileage fees of $40 as set forth in U.S.C. § 1821(2)(b).  See, e.g., CF & I Steel Corp. v. Mitsui & Co. (USA), Inc., 713 F.2d 494, 496 (9th Cir. 1983); see also Gonzalez v. Fenner, 128 F.R.D. 606, 607-608 (S.D.N.Y. 1989) (Sprizzo, J.) (same where non-party subpoenaed to appear at pretrial deposition). Your subpoena fails to comply with that provision.

FRCivP 45(a)(1)(D) provides in substance that a subpoena must set forth the text of subdivisions (c) and (d) of Rule 45. Your subpoena fails to comply with that provision.

The Subpoena requests material relating to an ongoing prosecution. On October 25, 2007 the defendant consented to having this case Adjourned in Contemplation of Dismissal until April 25, 2008. Should the defendant not re-offend prior to April 25, 2008, the criminal case will be dismissed. Until then, it is considered an open matter currently being prosecuted by our office. DANY respectfully asks that you withdraw this Subpoena until the case is completed.

Should you choose to continue in your endeavor to receive the above-noted noted items, DANY will be forced to seek leave to have the court intervene on its behalf and consider staying the civil proceeding and/or postpone civil discovery. See Fed. R. Civ. P. 24(b)(2); United States v. Kordel, 397 U.S. 1, 12 n. 27 (1970); Rosenthal v. Giuliani, 2001 U.S. dist. LEXIS 1207 (S.D.N.Y. Feb. 2, 2002)(Peck, M.J.).

Were this case not pending, your Subpoena requests many documents which were generated or obtained by the New York City Police Department (NYPD. DANY objects to the disclosure of these documents. You have not alleged that you have made any attempts to obtain these documents from NYPD and have failed to obtain them. You should attempt to do so prior to subpoenaing such documents from non-party DANY's files. NYPD is in the best position to assert any relevant privileges or other legal restrictions to the disclosure of its records. See Thomas v. City of Mount Vernon, 1990 U.S. Dist. LEXIS 3036 (S.D.N.Y. 1990) (motion to compel non-party District Attorney's Office to comply with subpoena requesting police documents denied where Plaintiff did not explain why information sought could not be obtained directly from police department); see also Cruz v. Kennedy, 1998 U.S.Dist. LEXIS 15599 (S.D.N.Y. 1998).

The file contains copies of the following documents created by or obtained from NYPD:

1. Medical Treatment of Prisoner Form
2. Prisoner Movement Slip
3. Memobook, P.O. Moscoso, 4 pages
4. Memobook, P.O. Rhone, 2 pages
5. Color copies of photos of defendant printed on 8 ½ x 11 paper, 18 pages
6. On-line Booking Sheet (typed), 2 pages
7. Complaint Report (typed), 2 pages
8. Desk Appearance Ticket
9. Desk Appearance Ticket Investigation, 2 pages
10. DAT Report, 8 pages
11. Arrest Report
12. IAB Callout Report, 2 pages
13. IAB Investigating Officer's Report (IAB IOR), Response to St. Vincent's Hospital 5/4/2007, 2 pages
14. IAB IOR, Interview of Gregory Kleine, 5/4/2007, 2 pages
15. IAB IOR, 5/15/2007, Metro card History Check
16. IAB IOR, 5/4/2007, Photo Array, 2 pages
17. IAB IOR, 5/4/2007, Arrest Documents
18. IAB IOR, 5/4/2007, Medical Records Request Form
19. IAB IOR, 5/4/2007, Surveillance Video Investigation
20. IAB IOR, 5/4/2007, Background Check, PO Rhome, 2 pages
21. IAB IOR, 5/4/2007, Background Check, PO Moscoso, 2 pages
22. IAB IOR, 5/4/2007, Metro card History Check
23. IAB IOR, 5/4/2007, Defendant background check
24. IAB IOR, 5/4/2007, Request for 911 and Radio Transmissions

25. IAB IOR, 5/4/2007, Request for Command Center tape
26. IAB IOR, 5/4/2007, Notifications to superiors
27. IAB IOR 5/7/2007, follow up on request for Surveillance
28. IAB IOR, 5/11/2007, No video available
29. IAB IOR, 5/17/2007, Received Command Center Disc
30. IAB IOR, 6/8/2007, Attempt to Obtain Medical Records
31. IAB IOR, 6/13/2007, Request for Canvass
32. IAB IOR, 6/13/2007, Defendant background check
33. IAB IOR, 6/13/2007, PO background checks
34. Photo Array, 4 pages
35. Prisoner Holding Pen Roster
36. Discharge Instructions, St. Vincent's Hospital
37. Complaint Report (typed), 2 pages
38. OLBS (typed), 3 pages
39. Prisoner Pedigree Card
40. Command Log, 2 pages
41. Desk Appearance Ticket
42. Roll Call Adjustment
43. Roll Call, 5 pages
44. Officer History, PO Rhome, 20 pages
45. Officer History, PO Moscoso, 18 pages
46. BADS printout, 3 pages
47. Request for 911 Sprint Records, 2 pages
48. Request for Command Center Disc, 2 pages
49. Medical Information and HIPAA release authorization by defendant, 2 pages
50. Metro card check, 3 pages
51. 49, Injured Prisoner in the Confines of TD-02, 2 pages
52. 49, Transmittal OG Case
53. E-Justice background check on defendant, 5 pages
54. Request for Canvass, 2 pages

Were this case not pending, DANY would object to the disclosure of a two page print out of Gregory Kleine's criminal history obtained from the State of New York Division of Criminal Justice Services ("DCJS") in response to a request DANY made to that agency. DCJS provided this criminal history to DANY on a confidential basis and solely for the purpose of the investigation of the criminal case. See 9 NYCRR § 6150.4.

DCJS is in the best position to assert relevant privileges and other legal restrictions to the disclosure of this information. You should make his request for this information directly to DCJS. You do not allege that you have attempted to obtain this information from DCJS and failed. See Thomas v. City of Mount Vernon, supra; see also Cruz v. Kennedy, supra.

Were this case not pending, DANY would object to the disclosure of the below detailed documents on the ground that they are protected by the work product, and law enforcement or official information privileges. The work product privilege protects interview summaries generated by attorneys during a criminal investigation. Such documents are privileged absent a

showing of substantial need. Fed.R.Civ.P. 26(b)(3); see United States v. Nobles, 422 U.S.225.238 (1975); see also Hickman v. Taylor, 329 U.S. 495, 512 (1947); Coleco Indus. Inc. v. Universal City Studios, 110 F.R.D. 688, 690 (S.D.N.Y. 1986)(Sweet, J.); New Gold Equities Corp., et al., No. 89 Civ. 5472, 1990 Dist. LEXIS 15173 (S.D.N.Y. Nov. 13, 1990)(Dolinger, M.J.)(applying work product privilege to non-party). The privilege applies to documents which reflect an attorney's mental impressions, conclusions, opinions or legal theories and which "assemble[s] information, sift[s] what [the attorney] considers to be the relevant from the irrelevant facts, [and assists] to prepare his legal theories." Hickman v. Taylor, supra at 511. The law enforcement or official information privilege protects the government's interest in ensuring the secrecy of law enforcement documents. See G-69 v. Degnan, 130 F.R.D. 326, 332 (D.N.J. 1990); see also Thompson v. Lynbrook Police Dept., 172 F.R.D. 23, 26 (E.D.N.Y. 1997).

     DANY's file contains the following documents that are privileged and not subject to disclosure:

1. Notes to assigned prosecutor from calendar part prosecutors in case of People v. Gregory Kleine
2. Correspondence by the assigned prosecutor or to the assigned prosecutor related to the prosecution of Gregory Kleine
3. Handwritten interview notes of witnesses by the assigned prosecutor
4. Criminal Court Supervisor Evaluation Sheet
5. D.A. Datasheet, page 1 only

     Were this case not pending, DANY would have no objection to providing the following documents to you. They would be provided at a photocopying cost of twenty-five cents ($0.25) per page:

1. Criminal Court Complaint
2. Criminal Court back, 1 page

     DANY reserves the right to raise detailed objections at a later time after the court issues a ruling on the objections DANY is making at this time. Thus, DANY's decision not to raise them in this letter should not be construed as a waiver of that right.

     Should you believe that court action is necessary with regard to this matter pursuant to Rule 45(c)(2)(b) of the Federal Rules of Civil Procedure, pleas afford my Office reasonable notice so that our position may be made known to the Court. I am, of course, available to discuss this matter with you prior to any court intervention.

Since I am the attorney representing the District Attorney's Office, please do not attempt to directly contact the Assistant District Attorney or any other employees of this Office who may have been involved in the underlying criminal matter. If you have any questions about my response to your subpoena, please contact me directly.

Sincerely,

Karen D. Edelman (KE6171)
Assistant District Attorney
(212) 335-4335

cc: Assistant Corporation Counsel Sabrina Tann



THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

### FACSIMILE TRANSMISSION

**TO:** Andrew Laskin, Esq.
Robinson & Yablon
232 Madison Ave., Ste. 1200
NY, NY 10016

**FROM:** Sabrina Tann
Phone: 212-442-8600
Fax: 212-788-9776
E-mail: stann@law.nyc.gov

**FAX #:** 212-725-8567

**DATE:** January 17, 2008

You should receive ___ page(s), including this one.
Please contact me if you do not receive all pages.

This facsimile contains CONFIDENTIAL INFORMATION which may also be LEGALLY PRIVILEGED. It is intended only for use of the addressee(s) named above. If you are neither the intended recipient of this facsimile nor the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that disseminating or copying this facsimile is prohibited. If you have received this facsimile in error, please notify this office by telephone and return the original to the address set forth by the United States Postal Service. Thank you.

**Message:** Re: Gregory Kleine v. City of New York et al., 07 CV 5887 (PKC)

This communication contains information that is privileged, attorney work product, exempt or prohibited from disclosure under applicable law. If you have received this facsimile in error, please notify this office by telephone and return the original to the address set forth by the United States Postal Service. Thank you.

NEW YORK CITY POLICE DEPT ARREST REPORT RUN DATE 07/30/07 RUN TIME 13:18:46
THIS IS AN UPDATED ARREST

DEFENDANT INFORMATION                              ARREST ID: M07639919
NAME: PINE           GREGORY      SEX:M RACE:WHITE    DOB:08/14/66 AGE: 40
WGT:               CITZ? 999 POB:USA                  PHONE:(   )   -

ADDR: 101       WESTERND AVEN MANHATTAN  NY 10023 RES PCT: UNK IN NYC
SKIN TONE: LIGHT  HGT: 5-10  WGT: 165 EYE COLOR: HAZEL  HAIR COLOR:BLOND
JOB STATUS:             SOC SEC #:           DEFT/VICT RELA?: Y999999999
PHYSICAL COND: INJ-TREATED RELEASED     TYPE DRUG USED: NONE
OCCUPATIONAL AREA: OTHER
LICENSE/PERMIT TYPE(CAB DRIVER/UMR/REG):           NO:
CAB(S) NO:            NAME: REFUSED    NO:(   )  -    NAME:
ORACLE# 06000000 NYSID# 25775688 FAX# M:004490 ARR.PROC: D A T

************************************************************************
NARRATIVE: AT T/P/O DEFT. WAS OBSERVED ACTING IN A VIOLENT MA
           NNER. WHEN PO ATTEMPTED TO PUT DEFT IN CUSTODY DEF
           T FLARED HIS ARMS AND REFUSED TO BE ARRESTED.  CN@
************************************************************************
CHARGE INFORMATION
                 ATT  LAW   SEC SUB  CLS TYPE CTS     DESCRIPTION
TOP CHARGE> > | N | PL | 205.30 00 | M | A | 01 | RESIST ARREST
TOTAL CHARGES | N | PL | 240.20 01 | V | O | 01 | DISORD CONDUCT
COUNT = 02    |   |    |           |   |   |    |
              |   |    |           |   |   |    |
              |   |    |           |   |   |    |
************************************************************************
ARREST RELATED INFORMATION          | DAT? YES   RETURN DATE:06/04/07
                                    | DAT# 00000000  A/O EXC? 999
TCN: 02 20 DATE: 05/04/07 CMD 006   ***********************************
WEAPON POSS/USED:               ARREST LOC:        SUBWAY MANHATTAN
AGE OF ASSOC:00
PROPERTY VOUCHERS:
        1 NO:          CMD:    VAL:           TYP:
        2 NO:          CMD:    VAL:           TYP:
        3 NO:          CMD:    VAL:           TYP:
************************************************************************
COMPLAINANT/UF-61/VICTIM INFORMATION
IS COMPL A CORP? NO   OR PSNY? YES  OR DISABLED? NO    TOTAL VICTIMS = 00
COMPL NAME:
ADDR:                                TEL NUM: (   )   -
FIELD NO:      AIDED CMD:     ACC NO:       ACC CMD:
UF 61  NO:003978 CMD:013 SECTOR:G  JURISDICTION: N.Y. TRANSIT POLICE
TIME & DATE OF OCCURRENCE: 02:40  ON  04/04/07   METHOD
PREMISES:                     LOCATION:               MANHATT
************************************************************************
ARRESTING OFFICER INFORMATION
NAME: RUSSO.JOE      LEONARDO   RANK:POM TAX NUMBER: ████████  CMD:0 035171
DEPT:TARU          CHART: FIRST PLTN CT      SQUAD: A1    ASSGN:
                                                            |
OFFICER:  INJURED? NO  ASSIGNED? YES   ON DUTY? YES   IN UNIFORM? NO
USED FORCE? YES TYPE:999999999 OTHER:999999990  REASON:999999990  999999999

STATE OF NEW YORK   )
                    ) ss
COUNTY OF NEW YORK  )

THIS IS TO CERTIFY THAT THIS IS A TRUE COPY OF AN
ORIGINAL RECORD IN THE CUSTODY OF THE IDENTIFICATION
SECTION OF THE POLICE DEPARTMENT OF
THE CITY OF NEW YORK.
DTE 7-30-07  ✗✗✗





# New York City Police Department
## Omniform System - Arrests

| | |
|---|---|
| CORD STATUS: NYSID ENTERD | Arrest ID: M07639919 Y |

est Location: SUBWAY MANHATTAN IRT ,7 AVENUE TO WEST 14 REET | Pct: 006

est Date: 05-04-2007    Processing Type: D A T
Time: 02:20:00    DCJS Fax Number: MP004490
Sector: G    Special Event Code: -
                 DAT Number: 0
Stop And Frisk: NO    Return Date: 0000-00-00
Serial #: 0000-000-00000

MPLAINTS:    Arrest #: M07639919

IPLAINT NUMBER  REPORT DATE  RECORD STATUS    OCCUR DATE OCCUR TIME

-013-03978    2007-04-04    Valid, Initial Arrests made 2007-04-04    02:10

RGES:    Arrest #: M07639919

RGE ATTEMPT? LAW CODE  CLASS TYPE COUNTS DESCRIPTION
   No   PL 205.30   M    A    1 RESISTING ARREST
   No   PL 240.20 01 V    0    1 DIS/CON:FIGHT/VIOLENT BEHAVIOR

| rrest from: | # Injured: 00 | # Fatalities: 00 | Test Given: | B.A.C: | Reason Not Forfeit: |
|---|---|---|---|---|---|

AILS:    Arrest #: M07639919

P/O DEFT. WAS OBSERVED ACTING IN A VIOLENT MANNER. WHEN PO ATTEMPTED TO P
EFT IN CYSTODY DEFT FLARED HIS ARMS AND REFUSED TO BE ARRESTED. CN# 83107

| FENDANT: KLEINE, GREGORY | NYSID #: 2577568Q | Arrest #: M07639919 |
|---|---|---|

/AKA/Maiden:                    Height: 5FT 10IN         Order Of Protection: NO
   Sex: MALE                    Weight: 165              Issuing Court:
   Race: WHITE                  Eye Color: HAZEL         Docket #:
   Age: 40                      Hair Color: BLONDE       Expiration Date:
Date Of Birth: 08/14/1966       Hair Length: NORMAL      Relation to Victim: STRANGER
U.S. Citizen: YES               Hair Style: CREW         Living together: NO
lace Of Birth: USA              Skin Tone: LIGHT         Can be identified: YES
d interpreter: NO               Complexion: CLEAR
Language:
   Accent: NO                   Soc.Security #:
                                Occupation: OTHER        Gang Affiliation: NO
cal Condition: INJ-TREATED RELEASED Lic/Permit Type:     Name:
   Drug Used: NONE              Lic/Permit No:            Identifiers:

TION    ADDRESS    CITY    STATE/ENTRY ZIP    APT/ROOM PCT
E-PERMANENT 101 WESTEND AVENUE MANHATTAN NEW YORK    10023 29C    000

# and E-Mail Address:

.H.A. Resident: NO  N.Y.C. Housing Employee: NO  On Duty:
   Development:    N.Y.C. Transit Employee: NO

| | | |
|---|---|---|
| Physical Force: NONE | Gun: | Used Transit System: NO |
| Weapon Used/Possed: NONE | Make: | Station Entered: |
| Non-Firearm Weapon: | Color: | Time Entered: |
| Weapon Description: | Caliber: | Metro Card Type: |
| | Type: | Metro Card Used/Poses: |
| | Discharged: NO | Card #: |

E DATA     DETAILS

| | |
|---|---|
| IS OPERANDI | UNKNOWN |
| )NS TOWARD VICTIM | UNK |
| HING | FOOTWEAR - DRESS SHOES - UNKNOWN COLOR |
| HING | ACCESSORIES - WELL DRESSED - BLACK |
| HING | HEADGEAR - UNK - UNKNOWN COLOR |
| HING | OUTERWEAR - UNK - UNKNOWN COLOR |
| ACTERISTICS | UNKNOWN |
| MARKS | -UNKNOWN |
| MARKS | -UNKNOWN |
| SONATION | UNKNOWN |

## NILE DATA:

Arrest #: M07639919

| | | |
|---|---|---|
| uvenile Offender: | Relative Notified: | Personal Recog: |
| umber Of Priors: 0 | Name: | |
| chool Attending: | Phone Called: | |
| 's Maiden Name: | Time Notified: | |

## CIATED ARRESTS:

Arrest #: M07639919

T ID COMPLAINT #

## NDANTS CALLS:

Arrest #: M07639919

| NUMBER DIALED | NAME CALLED | DATE | TIME |
|---|---|---|---|
| .. | REFUSED | 05/04/2007 | 02:20 |

## CES:

Arrest #: M07639919

E# COMMAND PROPERTY TYPE VALUE

## ESTING OFFICER: POM LEONARDO MOSCOSO

Arrest #: M07639919

| | |
|---|---|
| Tax Number: | On Duty: YES |
| ) (non-NYPD): | In Uniform: NO |
| Shield: | Squad: A1 |
| Department: TAPD | Chart: 02 |
| Command: TD DT02 | Primary Assignment: |

Force Used: YES
    Type: PHYSICAL FORCE
    Reason: PREVENT ESCAPE
    Officer Injured: NO

| Officer Name: | Tax # | Command: | Agency: |
|---|---|---|---|
| OSCOSO, LEONARDO | | TD DT02 | TAPD |
| or Approving: | Tax # | Command: | Agency: |
| NZIATO | | 861 | NYPD |
| ntered by: | Tax # | Command: | Agency: |
| OSCOSO | | 861 | NYPD |

# END OF ARREST REPORT

Page 3 of 3

M07639919 

rint this Report

**ON LINE BOOKING SYSTEM ARREST WORKSHEET**
PD 244-159 (Rev. 5-01)-Pent-RMU

| Arrest No. | Arrest Pct. | Sector | DAT ☐ Yes ☐ No | Return Date | Officer Excused ☐ Yes ☐ No | Special Event Code |
|---|---|---|---|---|---|---|

**COMPLETE THIS SECTION ONLY FOR AN ARREST WHEN A COMPLAINT REPORT WAS PREVIOUSLY PREPARED**

| Original Complaint Pct. | Compl. # | Date | Offense | Complainant's Name (Last Name, First, M.I.) |
|---|---|---|---|---|

**REQUIRED ONLY FOR AN OCCS ARREST AND AN ARREST NOT REQUIRING A COMPLAINT REPORT**

**LOCATION OF OFFENSE**

Time: 8/4/07   Date
Address/Location Of Offense: ☐ Sidewalk ☐ In Front Of ☐ Rear Of ☐ Opposite Of   Subway   Apt/Room #

Cross Streets: 14 St   &   7th Ave   OR   Intersection Of   &   Corner ☐ N/E ☐ N/W ☐ S/E ☐ S/W

Jurisdiction (check one) ☐ NYPD ☒ NYPD Transit Bureau ☐ NYPD Housing Bureau ☐ Other

Premises Type: ☐ Residential   ☐ House of Worship   School: ☐ Public ☐ Other
☐ Public Transportation   ☐ Commercial   ☐ Other

On NYC Bd. of Ed. ☐ Yes   Type of School: ☐ Elem. ☐ IS ☐ JHS ☐ HS ☐ Sp. Ed.   School No.   School Name
School Property ☒ No

NYC Transit Station: 14 St   Line #   Location In Transit System   N/B Plt.   NYCHA Development Name

**THE FOLLOWING INFORMATION MUST BE COMPLETED FOR ALL ARRESTS**

**ARRESTING OFFICER**

| Department NYPD | Command TD-2 | Tax Registry No. 937470 | Identification No. (If Not NYPD) | Shield No. 3607 | M.I. |
|---|---|---|---|---|---|

Rank PO   Last Name: Moroso, Leonardo   First,   M.I.

On Duty ☒ Yes ☐ No   In Uniform ☐ Yes ☒ No   Squad A1   Chart 3rd   Primary Assignment: ☐ Beat Officer ☐ Other Uniform ☒ Anti-Crime ☐ Investigatory ☐ Other

Force Used Type: ☐ Handgun ☐ Chemical Agent ☐ Rifle/Shotgun   Reason For Force: ☐ Overcome Assault ☐ Arresting Officer Injured ☐ Yes ☒ No
☐ Yes ☒ No   ☐ Physical Force ☐ Baton ☐ Other   ☐ Prevent Escape ☒ Restrain ☐ Other ☐ Yes ☐ No

Assigned ☐ Yes ☒ No   Department   Command   Tax Registry No.   Ident. No. (If Not NYPD)   Last Name, First, M.I.

**ARREST INFORMATION**

Time: 0200   Date: 4/4/07
Address/Location Of Arrest: ☒ Inside ☐ In Front Of ☐ Rear Of ☐ Opposite Of   Subway   Apt/Room #

Cross Streets: 14 St   &   7th Ave   OR   Intersection Of   &   Corner ☐ N/E ☐ N/W ☐ S/E ☐ S/W

Arrest Numbers Of Associates   Is This Arrest Related ☐ Yes   If Yes, Serial #
1.   2.   3.   To Stop And Frisk Report ☐ No

Invoice #   Command   Type: ☐ Drugs ☐ Veh. ☐ Curr. ☐ Gun ☐ Jwlry ☐ Boat ☐ Other
Invoice #   Command   Type: ☐ Drugs ☐ Veh. ☐ Curr. ☐ Gun ☐ Jwlry ☐ Boat ☐ Other

**DEFENDANT INFORMATION**

Last Name: Kleine   First: Gregory   M.I.   Date Of Birth: 8/14/66   Age

Occupation: Engineer   License/Permit Type (Excluding Drivers Lic.): ☐ Handgun ☐ Tow Truck Driver ☐ Taxi Medallion ☐ Water Front Lic. ☐ Rifle ☐ Tow Truck Owner ☐ Taxi Livery ☐ Other   License/Permit #

Telephone Calls: 1.( )   -   Name   2.( )   -   Name
1.( )   -   Name   3.( )   -   Name

Physical Condition:
☒ Apparently Normal   ☐ Injury-To Hospital   ☐ Intox.-Drugs   ☐ Sick-To Hospital   ☐ Unknown
☐ Deceased   ☐ Injury-RMA   ☐ Intox.-Unknown   ☐ Sick-RMA
☐ EDP-To Hospital   ☐ Injury-Treated & Released   ☐ Pregnant-Normal   ☐ Sick-Treated & Released
☐ EDP-Released From Hospital   ☐ Intox.-Alcohol   ☐ Pregnant-Requires Medical Aid   ☐ Unconscious

Type of Drug Used:
☐ Opium & Derivative   ☐ Other Cocaine   ☐ Synthetic Opiates   ☐ Hallucinogens   ☐ Glue-Toxic Vapors   ☐ Unknown
☐ Crack   ☐ Marijuana/Hashish   ☐ Depressant/Stimulant   ☐ Hypo-Syringe-Needle   ☐ Other   ☒ None

**JUVENILE**

Juv. Offender ☐ Yes ☒ No   Number of Priors   School Attending   Mother's Maiden Name

Relative ☐ Parent ☐ Guardian   Name (Print)   Tele.#   Time Notified   Personal ☐ Yes
Notified: ☐ Other Relative   ( )   Recog. ☐ No

**CHARGES**

| | ATTEMPT? | LAW | SECTION | SUB. | CLASS | TYPE | COUNTS | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| Top Chg. | ☐ Yes ☒ No | PL | 240.20 | (7) | V | V | 1 | Discon |
| 2nd Chg. | ☐ Yes ☒ No | PL | 205.30 | | A | M | 1 | Resisting Arrest |
| 3rd Chg. | ☐ Yes ☐ No | | | | | | | |
| 4th Chg. | ☐ Yes ☐ No | | | | | | | |
| 5th Chg. | ☐ Yes ☐ No | | | | | | | |

If Drug Possession/Sale Is Top Charge: ☐ Crack ☐ Other Cocaine ☐ Opium Deriv. ☐ Synthetic ☐ Other Drug

**NARRATIVE**

At T/P/O Deft. was observed acting in a violent manner. When PO attempted to put Deft. in custody Deft. flared his arms & refused to be Arrested.

| Rank/Title | Arresting Off. / Assigned Off. Name (Print) | Signature | Tax Registry No. | Command | Agency |
|---|---|---|---|---|---|
| PO | Moroso, Leonardo | | CNF# 8307 | TD2 | NYPD |
| Rank/Title SGT | Supervisor Approving Name (Print) Nunziato John | Signature | Tax Registry No. | TP-02 | NYPD |

16

| COMPLAINT INFORMATION | | Date | Offense | Victim's Name | Location Of Occ. |
|---|---|---|---|---|---|
| Pct. | Compl. # | | | | |

**PERPETRATOR**

| Order Of Protection In Effect | ☐ Yes ☐ No | Issuing Court | | Docket # | Exp. Date Of Order Of Protection |
|---|---|---|---|---|---|

| Precinct Of Arrest | Arrest # | Last Name | First | M.I. |
|---|---|---|---|---|
| B18 | N076444194 | Kleine | Gregory | |

| Nickname/Alias/Maiden Name | Sex ☒ Male ☐ Female | Date Of Birth 8/14/06 | Age | Height 5 Ft 10 In. | Weight 165 | Race ☒ White ☐ Am. Ind./Alaskan Native ☐ Hisp. White | ☐ Black ☐ Asian/Pacific Is. ☐ Hisp. Black |

| Eye Color: BLUE | Hair Color: BR | Hair Length: | ☐ U.S. Citizen ☒ Yes ☐ No | State/Country Of Birth |
|---|---|---|---|---|

| Address (☒ NYC ☐ NYS ☐ Other ☐ Homeless) 101 Wooster Avenue | Apt# / Room# 27C | City NY | State/Country NY | Zip 10023 | Resident Pct. |

| Business Address | Business # ( ) |
| Home Phone # 201 789-0167 | Beeper # ( ) |
| E-Mail Address | Cell Phone # ( ) |

| Is Interpreter Needed For Further Investigation? ☐ Yes ☒ No | If Yes, Indicate Language | Accent ☐ Yes ☒ No | Victim and Perp. Living Together: ☐ Yes ☐ No ☐ Formerly Lived Together | Can Identify Perp: ☒ Yes ☐ No |

Victim States Perp. is:
☐ Husband ☐ C/L Husband ☐ Wife
☐ Mother ☐ C/L Wife ☐ Divorced ☐ Father
☐ Uncle ☐ Guardian ☐ Grandfather ☐ Grandmother
☐ Son ☐ Aunt ☐ Brother ☐ Sister
☐ Daughter ☐ Nephew ☐ Niece
☐ Grandchild ☐ In-Law ☐ Same Sex Partner ☐ Other Relative
☐ Fiance/Fiancee ☐ Boyfriend ☐ Girlfriend ☐ Employee
☐ Employer ☐ Co-Worker ☐ Friend/Acquaintance ☐ Stranger
☐ Unknown

| Social Security# | N.Y.C.H.A. Resident? ☐ Yes ☒ No | If Yes, Name Of Development | N.Y.C.H.A. Employee ☐ Yes | If ☐ Yes ☐ No | On Duty ☐ Off Duty ☐ Unknown | N.Y.C.Transit Employee ☐ Yes ☐ No | If ☐ Yes ☐ No | On Duty ☐ Off Duty ☐ Unknown |

| Physical Force: ☒ Used ☐ Threatened ☐ None | Weapon: ☐ Used/Displayed ☐ Possessed ☐ Simulated | Gun: ☐ Handgun ☐ Alleged Gun ☐ Rifle ☐ Other Gun (Specify) | ☐ Pistol ☐ Toy Gun | ☐ Shot Gun ☐ Machine Gun | Gun Discharged ☐ Yes ☒ No |
| | | Make | Color | Calibre | Type |
| | Cutting Instrument ☐ Boxcutter ☐ Knife ☐ Gun | ☐ Blunt Instrument | ☐ Poison/Chemical Agents | ☐ Bomb/Incendiary Device | ☐ Other Weapon (Describe) |

| Gang Affiliation: ☐ Yes ☒ No | If Yes, Indicate Name Of Gang | Gang Identifiers (Colors, Beads, Tattoos, Etc.) |

| Used Subway System ☐ Yes ☒ No | If Yes, Station Entered And Time | Metro Card: ☐ Used ☐ Possessed Only Serial # | Type: ☐ Student ☐ Senior Citizen ☐ Transit Employee | ☐ Standard ☐ Handicapped ☐ Police |

| Statement Made By Perpetrator During Commission Of Offense | Method Of Flight ☐ Bank. |

**CRIME INCIDENT DATA (MUST BE COMPLETED FOR ALL ARREST CASES) INCLUDE ANY ADDITIONAL DATA IN THE "NARRATIVE" SECTION.**

**M.O. (Check All That Apply)**
☐ Asked Questions/Offered Assistance
☐ Bag Opener
☐ Bicycle Used
☐ Car Jack
☐ Con Game
☐ Deception Used
☐ Entry Through Window/Fire Escape
☐ Followed Victim Along Street
☐ Followed Victim To/From ATM/Bank
☐ Hijack
☐ Jewelry/Neck Chain Snatch
☐ Jumped From Vehicle
☐ Motorcycle Used
☐ Note Was Passed
☐ Opened Safe
☐ Payroll
☐ Perp Made Statement
☐ Perp Offered Sex
☐ Pick Pocket
☐ Property Snatched From Hand
☐ Push-In
☐ Purse/Wallet Snatch
☐ Took Victim To Isolated Area

**Transit M.O.**
☐ Escaped Between Train Cars
☐ Escaped By Track/Tunnel
☐ Followed Victim From Street To Subway
☐ Held Train Doors
☐ Lush Worker
☐ Reached From Moving Train
☐ Removed Victim From Subway System

**Action Toward Victim: (Check All That Apply)**
☐ Fired Shot At
☐ Injury Using Physical Force
☐ Made Victim Strip
☐ Pepper/Chemical Spray
☐ Stabbed/Slashed/Cut
☐ Struck With Object
☐ Tied/Handcuffed
☐ Tortured
☐ Used/Threat With Flame
☐ Unk/None
☐ Other

**Head Gear:**
☐ Baseball Cap
☐ Beret/Military Cap
☐ Cowboy Hat
☐ Mask
☐ Ski Cap/Watch Cap
☐ Skull Cap
☐ Stocking Cap
☐ Straw Hat/Fedora
☐ Turban
☐ Unk/None
☐ Other
Color

**Foot Wear:**
☐ Barefoot
☐ Boots
☐ Dress Shoes
☐ High Heels
☐ Loafers/Moccasins
☐ Roller Blades
☐ Sandals
☐ Sneakers
☐ Workboots
☐ Unk
☐ Other
Color

**Outer Wear:**
☐ Gang, Team, School Jacket
☐ Leather, Suede, Fur Trim
☐ Military Clothing
☐ Overcoat/Top Coat
☐ Snorkel/Ski Hooded Jacket
☐ Sport/Dress Jacket
☐ Sweater/Vest
☐ Sweat Shirt/Jogging Jacket
☐ T-Shirt/Tank Top
☐ Waist Length Jacket
☐ Unk/None
☐ Other
Color

**Special Characteristics: (Check All That Apply)**
☐ Arm (Amputee)
☐ Ears
☐ Eyes
☐ Hand/Arm
☐ Leg (Amputee)
☐ Lips
☐ Nose
☐ Sideburns
☐ Tracks
☐ Speech Impairment/Stutter
☐ Skin Condition
☐ Beard
☐ Eyebrows
☐ Goatee
☐ Left Handed
☐ Limp
☐ Mustache
☐ Odor
☐ Teeth
☐ Very Muscular
☐ Eye Glasses
☐ Sun Glasses
☐ Unk/None
☐ Other

**Hairstyle:**
☐ Afro
☐ Bald
☐ Bald (Partial)
☐ Braids
☐ Caesar
☐ Close Cut
☐ Corn Rows
☐ Crew
☐ Curly/Wavy
☐ Dreadlocks
☐ Kinky
☐ Pony Tail
☐ Processed
☐ Shaved
☐ Straight
☐ Wig
☐ Unk
☐ Other

**Skin Tone:**
☐ Light
☐ Medium
☐ Dark
☐ Unk

**Complexion:**
☐ Blotchy
☐ Clear
☐ Flushed/Ruddy
☐ Pimpled
☐ Tan
☐ Yellow
☐ Brown
☐ Freckled
☐ Olive
☐ Pocked
☐ Wrinkled
☐ Unk
☐ Other

**Other Clothing/Accessories:**
☐ Bag/Briefcase
☐ Dirty/Torn/Messy
☐ Gloves
☐ Jeans
☐ Jewelry
☐ Radio Used
☐ Scarf/Bandana/Sweatband
☐ Shorts
Color
☐ Skirt/Dress
☐ Slacks
☐ Sweat/Jogging Clothes
☐ Tools/Keys
☐ Uniform
☐ Well Dressed
☐ Work Clothes
☐ Unk/None
☐ Other

**Distinguishing Body Marks:**

| #1 | #2 | |
|---|---|---|
| ☐ | ☐ | Birthmark |
| ☐ | ☐ | Body Piercing |
| ☐ | ☐ | Scar |
| ☐ | ☐ | Tattoo (Can't Describe) |
| ☐ | ☐ | Tattoo Picture |
| ☐ | ☐ | Tattoo Word |
| ☐ | ☐ | Tattoo Word & Picture |
| ☐ | ☐ | Unk/None |
| ☐ | ☐ | Other |

**Body Mark Location:**

| #1 | #2 | |
|---|---|---|
| ☐ | ☐ | Arm |
| ☐ | ☐ | Face/Head |
| ☐ | ☐ | Hand |
| ☐ | ☐ | Leg |
| ☐ | ☐ | Neck |
| ☐ | ☐ | Torso |

**Describe Tattoo**
Words: #1 _____
#2 _____
Picture #1 _____
#2 _____

**Impersonation Of:**
☐ Customer/Client
☐ Employee
☐ Female
☐ Law Enforcement Officer
☐ Male
☐ Security Officer
☐ Public Servant
☐ Utility Worker
☐ Unk/None
☐ Other

17

120 Livingston Street
Brooklyn, NY 11201

Lawrence G. Reuter
President

 **New York City Transit**

Date:      7/27/2007

To:        Kyisha Brooks, Paralegal

From:      Helen Smart, Director Subpoena Unit

Subject:   Gregory kleine vs. City of New York
           Case number: 07 CV 5887

This is to inform you that there are no available video of the 2/3 train
station on May 4, 2007 at 1:30A - 4:00P.  This is due to the time constraints
of the recording system.

Very Truly Yours

Helen Smart
Director, Subpoena Unit

14

FRIDAY MAY 4, 2007                          457

**REDACTED**

NOTIFICATION: PO KHEMIE AT ST. VINCENT HOSP WITH INJURED PRISONER M/W/30 GREGORY KLEINE. PO MOSCOSO AT D2 PROCESSING ARREST. TBM, DUTY CAPT AND I A B NOTIFIED CN#8310

FRIDAY MAY 4, 2007

REDACTED

DESK REV. | Sgt Lynch To Desk Sgt Andrew To Adam

A/O PO Hostos, Gonzales      SH# 83A7 CMD 7322
ARREST LOC. _____ RTD7   ARREST TIME 8230
DEF. Kline, George      S J M   F'CE W AGE 40 DOB 11/4/66
ADDRESS 101-60 4d Ave 19 4 1003
CHARGE(S) D.S.Con 1/4 mtg
FUNDS 200.00 RET/VOUCH PROPERTY
UNCARED FOR DEPENDENTS _____
PHYSICAL/MENTAL COND. Normal, Refuse to NSC
DEBRIEFED BY A/O
REMARKS _____