# Robinson & Yablon, P.C.
ATTORNEYS AT LAW
232 MADISON AVENUE, SUITE 1200
NEW YORK, NEW YORK 10016

JOEL H. ROBINSON  
LAWRENCE T. YABLON

TELEPHONE: (212) 725-8566  
FACSIMILE: (212) 725-8567

ANDREW M. LASKIN

February 7, 2008

*Via US Mail and ECF*  
Honorable P. Kevin Castel  
United States District Judge  
Southern District of New York  
500 Pearl Street  
New York New York 10007

                RE: *Kleine v. Moscoso and City of New York et al*  
                07 Civ. 5887 (PKC)

Dear Judge Castel:

      We represent plaintiff in the referenced civil rights action. In its present state, plaintiff's complaint advances federal and state excessive force claims against the defendant Moscoso, several "John Does," and *Monell* claims against the City of New York. Plaintiff now requests a pre-motion conference at which time plaintiff will request leave to amend his complaint (1) to substitute Patrol Officer Michael Rhome in place of the "John Doe" defendant, and (2) to assert a claim for false arrest under §1983 as against the two individual defendants.

      By way of procedural history, depositions have not yet proceeded. The City is scheduled to depose plaintiff at the end of this month, and defense counsel is in the process of securing dates for the depositions of Office Rhome, Officer Moscoso and their supervisor, Sergeant Nunziato. Although our November 16, 2007 Case Management Plan provided for amended pleadings to be filed within thirty days of our conference, as the Court is aware, on January 26, 2007, the City produced over 170 pages of Internal Affairs Bureau records which we have now thoroughly analyzed. We have further now received the subject "medical treatment of prisoner form". Finally, we have conferred with our police expert regarding the recently disclosed materials.

      Based upon the newly received records, which we have now cross-referenced with the arrest records previously provided, plaintiff now claims that the defendant officers assaulted him, fracturing multiple bones in his face, and then, after their supervisor (Sgt. Nunziato) called Internal Affairs to report their misconduct, Moscoso and Rhome concocted a story which would support a claim that plaintiff committed a crime to cover up the assault. This included a claim that plaintiff was intoxicated and that, as a result of his drunken state, he fell and injured his face when he struggled with the police. Based upon this version of the events, plaintiff was charged with Resisting Arrest and Disorderly Conduct. The documents which the City reluctantly produced reflect myriad glaring inconsistencies regarding the manner in which plaintiff was arrested and injured. It is of paramount significance that Internal Affairs was notified by the Patrol Supervisor after he conferred with his supervisors in the chain of command. The NYPD Patrol Guide required supervisors to make such reports to IAB when members of the Department are susepected of misconduct. It is now readily apparent that no probable cause existed to arrest plaintiff on the charge of Resisting Arrest, because there was no arrest warranted in the first place.

# Robinson & Yablon, P.C.
ATTORNEYS AT LAW

      Plaintiff identified Fourth Amendment claims in his Notice of Claim, so the City cannot argue that they did not have notice of the potential for false arrest claims being asserted. Based upon the foregoing, plaintiff is entitled to amend his complaint to properly identify Patrol Officer Rhome and to assert federal false arrest claims against the defendants. The City can show no prejudice because plaintiff made this request before depositions and only learned of the factual predicates for such claims a little over a week ago, based upon discovery which the defendants delayed in producing. Inasmuch as the Court recently extended fact discovery, there will be ample time to question the respective defendants and witnesses regarding the matters to be raised in an amended complaint, all of which would have been explored even in the absence of such an amendment.

      Thank you for your consideration of this matter.

      Respectfully submitted.,
      **ROBINSON & YABLON, P.C.**

      Andrew M. Laskin (AL9379)

<u>Via Facsimile and US Mail</u>
New York City Law Department
100 Church Street
New York, New York 10007
Att: A.C.C. Sabrina Tann