UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GREGORY KLEINE,

                          Plaintiff,

        -against-                                                **AMENDED COMPLAINT**

                                                                          07 Civ. 5887 (PKC)

                                                                          *Plaintiff Demands*
                                                                          *A Trial by Jury*

THE CITY OF NEW YORK, POLICE OFFICER
LEONARDO MOSCOSO, TR#937146, and POLICE
OFFICER MICHAEL RHOME, Police Officers Assigned
To Transit Division District 02, In their Individual and
Official Capacities.

                          Defendants.
------------------------------------------------------------------X

        **Plaintiff, GREGORY KLEINE**, by his attorneys, **ROBINSON & YABLON, P.C.**, complaining of the Defendants, alleges as follows:

### PRELIMINARY STATEMENT

        1.     This is a civil rights action in which plaintiff, GREGORY KLEINE, seeks relief for the defendants' violation of plaintiff's rights secured by the Civil Rights Act of 1871, 42 U.S.C. §1983, by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. Plaintiff seeks damages, both compensatory and punitive, an award of costs and attorneys' fees, and such other relief as the Court may deem just.

## JURISDICTION

2. This action is brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. Jurisdiction is conferred upon this Court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of plaintiff's constitutional and civil rights.

3. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims as against defendants which are related to the claims within the Court's original jurisdiction because they form part of the same case and/or controversy.

## VENUE

4. Venue is proper for this Court pursuant to 28 U.S.C. §1391(a) (b) and (c) because the incident forming the basis of this action occurred in New York County, State of New York.

## NOTICE OF CLAIM

5. Plaintiff filed a Notice of Claim with the City of New York on May 17, 2007, within 90 days of the happening of the events complained of herein. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## **PARTIES**

6. Plaintiff is a citizen and resident of the United States.

7. Defendant, THE CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

8. Defendants MOSCOSO and RHOME are and at all times relevant herein, duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant, THE CITY OF NEW YORK. Defendants MOSCOSO and RHOME were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

## STATEMENT OF RELEVANT FACTS

9. On May 4, 2007, at approximately 1:30 a.m., in the subway station for the 2/3 Train Line, located at 7th Avenue and 14th Street, in the County and State of New York, plaintiff was lawfully upon said premises with the intention of taking an uptown train.

10. Defendants MOSCOSO and RHOME did then assault plaintiff, without justification, cause or provocation, by knocking him unconscious from repeated strikes and blows to his head, face and body.

11. Before plaintiff regained consciousness, defendants MOSCOSO and RHOME did handcuff plaintiff's left wrist to a fixed object, in such a way that plaintiff's full body weight hung from his left wrist.

12. As a result of defendants' assault upon plaintiff, Gregory Kleine did sustain multiple permanent serious injuries including but not limited to a comminuted fracture of the nasal bone, comminuted depressed fracture of the sinus, radial nerve damage to the left upper extremity and the need for future surgeries.

13. At the time defendants MOSCOSO and RHOME approached plaintiff, they lacked probable cause to detain, question, and/or confine plaintiff.

14. After they assaulted plaintiff, defendants RHOME and MOSCOSO advised their Patrol Supervisor that plaintiff had been injured. Rather than advise their superior officer that they had unlawfully assaulted plaintiff, defendants claimed plaintiff had fallen down.

15. In an effort to conceal their wrongdoing, defendants conspired to further deprive plaintiff of his constitutional rights by concocting a purely fictional account of their dealings with plaintiff. Among the fabricated claims included defendants contention that plaintiff was acting drunk and irrational.

16. Pursuant to the NYPD Patrol Guide, which requires superior officers to report the misconduct of their subordinates, the Patrol Supervisor reported MOSCOSO and RHOME to NYPD Internal Affairs.

17. Mindful of the IAB report and investigation, RHOME and MOSCOSO did then further conspire to wrongfully charge plaintiff with Resisting Arrest and Disorderly Conduct, said charges being a thinly veiled attempt to conceal their wrongdoing.

18. Defendants charges plaintiff with said Penal Law offenses notwithstanding their knowledge they lacked probable cause to do so.

19. Defendants did then conspire to and did falsify their documentation so as to further promote their fraudulent claims regarding plaintiff's pre-arrest conduct.

20.     The acts of defendants were reckless and depraved and served to deprive plaintiff of his rights under the United States Constitution.

### FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE U.S. CONSTITUTION AND 42 U.S.C. §§ 1981 and 1983

21.     Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

22.     By their conduct and actions in assaulting, plaintiff, and in failing to intercede on behalf of plaintiff to protect him from defendants' use of excessive force, unjustified and unconstitutional treatment, defendants MOSCOSO and RHOME, acting under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or reckless disregard for the natural and probable consequences of their acts, caused injuries and damages in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

23.     As a result of the forgoing, plaintiff was deprived of his liberty, suffered specific and permanent serious bodily injuries, great humiliation, mental anguish and emotional distress, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

## DEPRIVATION OF RIGHTS UNDER THE U.S. CONSTITUTION AND 42 U.S.C. §§ 1981 and 1983

24.  Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

25.  Defendants, by their conduct and actions in falsely arresting plaintiff in the absence of probable cause, defendants did, acting under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or reckless disregard for the natural and probable consequences of their acts, caused injuries and damages in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

## LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS

26.  Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

27.  At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

7

28. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline employees and police officers, and failed to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline defendants MOSCOSO and RHOME. The policies, practices, customs and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

29. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and permanent serous bodily injuries, great humiliation, mental anguish and emotional distress, costs and expenses, and were otherwise damaged and injured.

## THIRD CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

30. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as it fully set forth herein.

31. The conduct of defendants MOSCOSO and RHOME, alleged herein, occurred while they were on duty, and/or in and during the course of and scope of their duties and functions as New York City police officers, and/or while they were acting as agents and employees of defendant THE CITY OF NEW YORK, and as a result, defendant THE CITY OF NEW YORK is liable to the plaintiff pursuant to the state common law doctrine of respondeat superior.

32.   As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and permanent serous bodily injuries, great humiliation, mental anguish and emotional distress, costs and expenses, and were otherwise damaged and injured.

## FOURTH CLAIM
## ASSAULT AND BATTERY

33.   Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

34.   By the actions described above, defendants, MOSCOSO and RHOME did inflict assaults and batteries upon the plaintiff. The acts and conduct of defendants MOSCOSO and RHOME were the direct and proximate cause of injuries and damages to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

35.   As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and permanent serious bodily injuries, great humiliation, mental anguish and emotional distress, costs and expenses, and were otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

      a.    Compensatory damages;

      b.    Punitive damages;

      c.    The convening and empanelling of a jury to consider the merits of the claims herein;

      d.    Costs and interest and attorney's fees;

      e.    Such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
       February 18, 2008

ROBINSON & YABLON, P.C.
Attorneys for Plaintiff

By: Andrew M. Laskin (AL9379)
232 Madison Avenue, Suite 1200
New York, New York 10016
(212) 725-8566