UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

GREGORY KLEINE,

Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
LEONARDO MOSCOSO, TR#937146 and POLICE
OFFICER MICHAEL RHOME, Police Officers Assigned
To Transit Division District 02, In their Individual and
Official Capacities,

Defendants.

-------------------------------------------------------------------- x

**ANSWER TO AMENDED
COMPLAINT**

JURY TRIAL DEMANDED

07 CV 5887 (PKC)

Defendants City of New York and Leonardo Moscoso, by their attorney Michael A. Cardozo Corporation Counsel of the City of New York, for their answer to the amended complaint, respectfully allege, upon information and belief, as follows:[1]

1.  Deny the allegations set forth in paragraph "1" of the amended complaint, except admit that plaintiff purports to proceed and seek damages as stated therein.

2.  Deny the allegations set forth in paragraph "2" of the amended complaint except admit that plaintiff purports to bring this action and that invoke the jurisdiction of the Court as stated therein.

3.  Deny the allegations set forth in paragraph "3" the amended complaint, except admit that plaintiff purports to invoke the supplemental jurisdiction of this Court as stated therein.

---

[1] Upon information and belief, the individual identified in the caption of the amended amended complaint as "Michael Rhome" has not been served with a copy of the amended summons and amended complaint.

4.  Deny the allegations set forth in paragraph "4" of the amended complaint, except admit that plaintiff purports to base venue as stated therein.

5.  Deny the allegations set forth in paragraph "5" of the amended complaint, except admit that a document purporting to be a Notice of Claim was received by the City of New York Office of the Comptroller on or about May 17, 2007 and that the claim has not been paid.

6.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the amended complaint.

7.  Deny the allegations set forth in paragraph "7" of the amended complaint, except admit that the City of New York is a municipal corporation created under the laws of the State of New York and that it maintains a police department, and respectfully refers the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City of New York and the New York City Police Department.

8.  Deny the allegations set forth in paragraph "8" of the amended complaint, except admit that Leonardo Moscoso and Michael Rhome are employed by the City of New York as a police officers and state that the allegations concerning "color of state law in the course and scope of their duties and functions as officers, agents, servants and employees" constitute legal conclusions to which no response is required.

9.  Deny the allegations set forth in paragraph "9" of the amended complaint.

10. Deny the allegations set forth in paragraph "10" of the amended complaint.

11. Deny the allegations set forth in paragraph "11" of the amended complaint.

12. Deny the allegations set forth in paragraph "12" of the amended complaint.

13. Deny the allegations set forth in paragraph "13" of the amended complaint.

14. Deny the allegations set forth in paragraph "14" of the amended complaint.

15. Deny the allegations set forth in paragraph "15" of the amended complaint.

16. Deny the allegations set forth in paragraph "16" of the amended complaint.

17. Deny the allegations set forth in paragraph "17" of the amended complaint.

18. Deny the allegations set forth in paragraph "18" of the amended complaint.

19. Deny the allegations set forth in paragraph "19" of the amended complaint.

20. Deny the allegations set forth in paragraph "20" of the amended complaint.

21. In response to the allegations set forth in paragraph "21" of the amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

22. Deny the allegations set forth in paragraph "22" of the amended complaint.

23. Deny the allegations set forth in paragraph "23" of the amended complaint.

24. In response to the allegations set forth in paragraph "24" of the amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

25. Deny the allegations set forth in paragraph "25" of the amended complaint.

26. In response to the allegations set forth in paragraph "26" of the amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

27. Deny the allegations set forth in paragraph "27" of the amended complaint.

28. Deny the allegations set forth in paragraph "28" of the amended complaint.

29. Deny the allegations set forth in paragraph "29" of the amended complaint.

30. In response to the allegations set forth in paragraph "30" of the amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

31. Defendants state that the allegations set forth in paragraph "31" of the amended complaint constitute conclusions of law rather than averments of fact, and accordingly, no response is required.  To the extent that a response is deemed required, defendants deny the allegations set forth in paragraph "31" of the amended complaint

32. Deny the allegations set forth in paragraph "32' of the amended complaint.

33. In response to the allegations set forth in paragraph "33" of the amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

34. Deny the allegations set forth in paragraph "34" of the amended complaint.

35. Deny the allegations set forth in paragraph "35" of the amended complaint.

### FOR A FIRST AFFIRMATIVE DEFENSE

36. The amended complaint fails to state a claim upon which relief can be granted.

### FOR A SECOND AFFIRMATIVE DEFENSE

37. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of the defendants.

### FOR A THIRD AFFIRMATIVE DEFNSE

38. At all times relevant to the acts alleged in the amended complaint, the duties and functions of defendant City's officials entailed the reasonable exercise of proper and lawful

discretion.  Therefore, defendant City of New York is entitled to governmental immunity from liability.

## FOR A FOURTH AFFIRMATIVE DEFENSE

39. The actions of any police officers were justified by reasonable suspicion and/or probable cause.

## FOR A FIFTH AFFIRMATIVE DEFENSE

40. Plaintiff provoked any incident.

## FOR A SIXTH AFFIRMATIVE DEFENSE

41. Plaintiff's claims are barred, in whole or in part, because plaintiff failed to comply with all conditions precedent to suit.

## FOR A SEVENTH AFFIRMATIVE DEFENSE

42. Defendants have not violated any rights, privileges or immunities secured to plaintiff by the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

## FOR A EIGTH AFFIRMATIVE DEFENSE

43. Defendant Moscoso has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

**FOR A NINTH AFFIRMATIVE DEFENSE**

44. To the extent plaintiff asserts state law claims against defendants, such claims should be barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

**FOR A TENTH AFFIRMATIVE DEFENSE**

45. Plaintiff's claims may be barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

**FOR A ELEVENTH AFFIRMATIVE DEFENSE**

46. At all times relevant to the incident alleged, defendant Moscoso acted reasonably and in the proper and lawful exercise of his discretion.

**FOR A TWELFTH AFFIRMATIVE DEFENSE**

47. Plaintiff provoked any incident.

WHEREFORE, defendants City of New York and Leonardo Moscoso respectfully request judgment dismissing the amended complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
        March 11, 2008

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Defendants City of New York and
Leonardo Moscoso
100 Church Street, Rm. 3-221
New York, New York 10007
(212) 442-8600

By:    _____
        Sabrina Tann (ST 2552)
        Assistant Corporation Counsel
        Special Federal Litigation

TO:    Andrew M. Laskin, Esq.
        Robinson & Yablon
        Attorneys for Plaintiff
        232 Madison Avenue, Ste 1200
        New York, New York 10016
        (212) 725-8566

**DECLARATION OF SERVICE BY OVERNIGHT MAIL**

I, Sabrina Tann, declare, pursuant to 28 U.S.C. §1746, under penalty of perjury that on March 11, 2008, I served the annexed **RULE 68 OFFER OF JUDGMENT** and **ANSWER TO THE AMENDED COMPLAINT ON BEHALF OF THE CITY OF NEW YORK AND LEONARDO MOSCOSO** upon the following counsel of record by depositing a copy of same in a postage paid overnight delivery envelope and depositing it in an appropriate receptacle for overnight delivery, directed to said attorney at the address said below being the address designated by said attorney for that purpose.

> ROBINSON & YABLON, P.C.
> Andrew Laskin, Esq.
> Attorneys for Plaintiff
> 232 Madison Avenue
> New York, NY 10016

Dated: New York, New York
      March 11, 2008

_____
Sabrina Tann

- 4 -