UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
GREGORY KLEINE,                              :

              Plaintiff,            :    <u>OPINION AND ORDER</u>

  -v.-                                      :

                                    07 Civ. 5887 (PKC) (GWG)

CITY OF NEW YORK, <u>et</u> <u>al.</u>,               :

              Defendants.            :
-------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**


Appearances of Counsel:

Andrew M. Laskin
Robinson & Yablon
232 Madison Avenue, Suite 1200
New York, NY 10016
Attorney for Plaintiff

Michael Cardozo
Corporation Counsel
100 Church Street
New York, NY 10007
Attorney for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
GREGORY KLEINE,                                    :

                Plaintiff,                   :          OPINION AND ORDER

    -v.-                                           :
                                    07 Civ. 5887 (PKC) (GWG)

CITY OF NEW YORK, et al.,                           :

                Defendants.               :
-------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

In this federal civil rights case based on the alleged use of excessive force by the police,

an Assistant Corporation Counsel ("the ACC") representing the City of New York made an

Offer of Judgment in writing pursuant to Fed. R. Civ. P. 68 for $45,001 plus attorney's fees.

(The ACC has since left the Corporation Counsel's Office for reasons unrelated to this case.)

Plaintiff's attorney accepted the Offer of Judgment in writing.  Later that same day, however, the

ACC informed plaintiff's counsel that she did not have authority from the Comptroller to make

an offer for $45,001, but only had authority to make an offer of $15,001.  Plaintiff now seeks to

have the Court enter judgment based on the Offer of Judgment for $45,001.  For the reasons

stated below, plaintiff's application is denied.[1]

Facts

On March 11, 2008, the ACC signed and faxed to plaintiff's counsel a written Offer of

Judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure offering to settle this case

for $45,001 plus attorney's fees.  On the afternoon of March 17, 2008, plaintiff's counsel

---

[1]  The plaintiff made this application by letter and by oral argument following a hearing
held at his request on this matter.  Defendants have not objected to this procedure.  The parties
have consented to disposition of this application by a Magistrate Judge pursuant to 28 U.S.C.
§ 636(c).

accepted the offer in a writing that was faxed to the Corporation Counsel's Office.  Several hours

later, on the evening of March 17, the ACC e-mailed plaintiff's counsel to inform him that she

did not have authority to make the Rule 68 Offer and that it was revoked.  The ACC then

e-mailed and faxed to plaintiff's counsel a new offer of judgment for $15,001 plus attorney's

fees.  The revised offer was not accepted.

Plaintiff has now made the instant application to enter judgment under Fed. R. Civ. P. 68.

This Court held a hearing on the application on April 9, 2008.  Both the ACC and the chief of the

Corporation Counsel's Special Federal Litigation Unit testified.  Much of the testimony related

to the process by which the Corporation Counsel's Office obtained authority from the

Comptroller's Office to settle this case.  The testimony at the hearing made plain that the ACC

had no authority from the Comptroller to settle the case for $45,001 plus attorney's fees.  The

written document reflecting the authority given to the Corporation Counsel was marked as an

exhibit at the hearing.  Consistent with the testimony, the document reflected that the only

authority given by the Comptroller's Office to the ACC was to settle this case for $15,001 plus

attorney's fees.  The ACC testified that she made a "mistake" in drafting the first Offer of

Judgment.

Discussion

The issue in this case turns on whether the ACC had authority to enter into the settlement

reflected in the Offer of Judgment.  If she had such authority, the judgment must be entered by

the Court pursuant to the terms of Fed. R. Civ. P. 68.  If she lacked such authority, however,

entry of a judgment would not be warranted.  See Marnell v. Carbo, 499 F. Supp. 2d 202

(N.D.N.Y. 2007) (refusing to enter judgment under Fed. R. Civ. P. 68 where attorney lacked

authority to make the offer of judgment); Cesar v. Rubie's Costume Co., Inc., 219 F.R.D. 257,

260 (E.D.N.Y. 2004) ("'the district court has inherent supervisory power to revoke an offer of

settlement made pursuant to Rule 68'" (quoting Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236,

1240 (4th Cir. 1989))).

Plaintiff does not contend that the ACC had actual authority to make the $45,001 offer.

He argues instead that the ACC had apparent authority to do so.  Because this case was brought

under 42 U.S.C. §§ 1981 and 1983, federal law governs the question of the ACC's authority.

See, e.g., In re Artha Mgmt., Inc., 91 F.3d 326, 328 (2d Cir. 1996) ("[I]n a case arising under

federal law, the scope of an agent's authority is determined according to federal precedent.")

(internal quotation marks and citation omitted).  The Second Circuit has explained apparent

authority as follows:

> Apparent authority is "the power to affect the legal relations of another person by
> transactions with third persons, professedly as agent for the other, arising from
> and in accordance with the other's manifestations to such third persons."
> Restatement (Second) of Agency § 8 (1958) (emphasis added).  Further, in order
> to create apparent authority, the principal must manifest to the third party that he
> "consents to have the act done on his behalf by the person purporting to act for
> him."  Id. § 27.  Second Circuit case law supports the view that apparent authority
> is created only by the representations of the principal to the third party, and
> explicitly rejects the notion that an agent can create apparent authority by his own
> actions or representations.  See Trustees of UIU Health & Welfare Fund v. N.Y.
> Flame Proofing Co., 828 F.2d 79, 84 (2d Cir. 1987); Karavos Compania Naviera
> S.A. v. Atlantica Export Corp., 588 F.2d 1, 10 (2d Cir. 1978); see also Edwards v.
> Born, Inc., 792 F.2d 387, 390-91 (3d Cir. 1986) (apparent authority not present
> where record devoid of direct communication from client to opposing attorney).

Fennell v. TLB Kent Co., 865 F.2d 498, 502 (2d Cir. 1989) (emphases in original).

Plaintiff points to the following facts as evidence of the ACC's apparent authority: that

the ACC had been employed for many years by the unit of the Corporation Counsel's office that

defends suits, such as the present one, based on allegations of police misconduct; that she has

litigated numerous other cases on behalf of the City of New York; that she has been given

authority by the Comptroller in other cases to settle and has signed settlement documents in

many of these cases; that she had signed more than a dozen Rule 68 offers in other cases; that

she litigated the instant case for many months, including appearing as counsel with respect to

numerous discovery disputes; that she had previously made a settlement offer in this case (for an

amount lower than $15,001) in January 2008; that she subsequently stated to counsel that there

was room to negotiate the January 2008 offer to a higher number; and that she had participated

in a telephone conference with the Court at which settlement was discussed.

Before considering the import of these facts, we note that the City of New York has made

plain in its Charter that there is only one official with settlement authority in litigated cases: the

Comptroller of the City of New York. See N.Y. City Charter § 93[i] ("the comptroller shall have

the power to settle and adjust all claims in favor of or against the city"). Consistent with this

provision, a separate section of the Charter makes clear that Corporation Counsel lacks the

power to settle a case:

> The corporation counsel shall not be empowered to compromise, settle or adjust
> any rights, claims, demands, or causes of action in favor of or against the city, and
> shall not permit, offer or confess judgment against the city or accept any offer of
> judgment in favor of the city without the previous approval of the
> comptroller . . . .

N.Y. City Charter § 394[c].

With these points in mind, this case is easily resolved. None of the facts adduced suggest

that the Comptroller or any of his staff represented to plaintiff or his counsel – by affirmative act

or implication – that the ACC had authority to settle this case in the absence of explicit authority

from the Comptroller. The fact that the ACC appeared on behalf of the City in other cases, made

settlement offers in other cases, appeared in this case, or made prior settlement offers in this case

is consistent with the Comptroller's decision to make individual determinations at different

stages of a case as to whether a particular settlement offer should be made.  Particularly in light

of the City Charter provisions, none of this conduct suggests that the ACC could settle the case

without the Comptroller's authority.  As was noted in Johnson v. Schmitz, 237 F. Supp. 2d 183

(D. Conn. 2002), "[plaintiff's] argument conflates [the defendants'] clear manifestation of

[defendants' attorney's] authority to engage in negotiations with the distinct and materially

different manifestation of authority to execute or agree to a specific settlement on [defendants']

behalf. . . . The former does not necessarily evidence the latter . . . ." Id. at 192 (citations

omitted).

Plaintiff's argument boils down to the proposition that because the ACC and/or the

Corporation Counsel's office appeared in this case (and other cases) and have routinely made

settlement offers, the Comptroller has imbued them with apparent authority to settle.  Fennell,

however, rejected this argument in holding that "[a] client does not create apparent authority for

his attorney to settle a case merely by retaining the attorney."  865 F.2d at 502.  Indeed, in

Fennell the client "knew settlement was being discussed, did not ask his attorneys not to discuss

settlement, would have accepted a higher settlement figure, and did not tell [opposing] counsel

that the authority of [the client's] counsel was limited in any way."  Id.  Nonetheless, the client's

attorney was found not to have had apparent authority to enter into the settlement.  Id.; accord

Marnell, 499 F. Supp. 2d at 204, 207-08 (attorney who made an offer of judgment accepted by

plaintiff did not have apparent authority to settle where parties knew that any settlement

agreement was contingent upon city council approval); In re Kollel Mateh Efraim, LLC, 2007

WL 634079, at *11 (Bankr. S.D.N.Y. Feb. 23, 2007) ("While [the attorney] may have been

authorized . . . to engage in settlement negotiations, the [client] never represented or manifested

to the [opposing party] that [the attorney] was authorized to make the settlement he did.");

Johnson, 237 F. Supp. 2d at 192 ("manifestation[s] of [an attorney's] authority to engage in

negotiations" do not show "the distinct and materially different manifestation of authority to

execute or agree to a specific settlement"); Musso v. Seiders, 98 F. Supp. 2d 197, 200 (D. Conn.

1999) ("The record is entirely devoid of evidence to show that the defendants themselves took

any positive action that would show that [the attorney] had the apparent authority to settle the

[client's] claims against them."). Here, there were simply no "positive actions or manifestations

by [the client] to [opposing] counsel that would reasonably lead that counsel to believe that [the

client's] attorneys were clothed with apparent authority to agree to a definitive settlement of the

litigation." Fennell, 865 F.2d at 502.

Thus, this case is quite different from cases where an attorney stated in his client's

presence and without objection by the client that he had authority to settle the case and then

engaged in discussions resulting in settlement. See, e.g., Conway v. Brooklyn Union Gas Co.,

236 F. Supp. 2d 241, 248 (E.D.N.Y 2002); but see Associated Dry Goods Corp. v. Towers Fin.

Corp., 1989 WL 125885, at *3 (S.D.N.Y. Jan. 13, 1989) (where court found that attorney had no

apparent authority to enter into a settlement agreement, "the fact that a client knows that

negotiations are going on, yet does not inform opposing counsel that his counsel's authority is

limited, does not change the outcome"). Here, plaintiff's counsel had no contact with the

Comptroller's office at any time. Additionally, the ACC made clear at various stages of this case

that any authority to settle could only be obtained from the Comptroller's office, and that the

Comptroller would have to be contacted to provide any authority that had not specifically been given previously.  The City Charter provisions also put plaintiff on notice of these facts.

In support of his position, plaintiff points to Alvarez v. City of New York, 146 F. Supp. 2d 327 (S.D.N.Y. 2001), which enforced a settlement over plaintiff's objections.  In Alvarez, the district judge proposed a settlement at a conference at which the plaintiff – who had participated in lengthy prior negotiations – was himself present.  Id. at 335.  The judge informed the plaintiff that his attorney should contact the court the next day as to whether the plaintiff was accepting the deal.  Id.  The attorney called the judge the next day to say that the plaintiff accepted.  Id. at 332.  Over six weeks later – and two weeks after the case had been dismissed – the plaintiff informed the court that he had not in fact accepted the proposal.  Id. at 333-34.  The district court found that plaintiff's attorney had actual authority to agree to the settlement.  Id. at 335.  In an alternative holding, the court also found that the attorney had apparent authority based on the client's participation in the settlement conferences and plaintiff's "giving his attorney permission to inform the Court of his acceptance" of the deal.  Id.   The Alvarez facts, however, are a far cry from the current case inasmuch as a representative of the Comptroller never appeared at a conference or had any contact with opposing counsel, and where the lack of authority was disclosed within a few hours of the settlement having been accepted.  By contrast, it appears that Alvarez found apparent authority based on the fact that the plaintiff's appearance at the settlement conference had given everyone involved the impression that his attorney had authority to speak for him.  Id. at 335.  Any reading of Alvarez that found apparent authority merely based on the attorney's participation in the settlement process would be in conflict with Fennell and we decline to so interpret Alvarez.

Finally, to the extent that delay in the client's rejection of the settlement is germane to the issue of apparent authority, as is suggested by some case law, <u>see</u> <u>United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of Am., AFL-CIO</u>, 986 F.2d 15, 20-21 (2d Cir. 1993) (client waited 16 months before denying attorney's authority), here there was no such delay as the lack of authority for the settlement was communicated within hours of the settlement offer having been accepted.

In sum, the ACC did not have apparent authority to settle this case.

<u>Conclusion</u>

Plaintiff's application to enforce the Rule 68 Offer is denied.

SO ORDERED.

Dated: April 17, 2008
     New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

Finally, to the extent that delay in the client's rejection of the settlement is germane to the issue of apparent authority, as is suggested by some case law, see United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of Am., AFL-CIO, 986 F.2d 15, 20-21 (2d Cir. 1993) (client waited 16 months before denying attorney's authority), here there was no such delay as the lack of authority for the settlement was communicated within hours of the settlement offer having been accepted.

In sum, the ACC did not have apparent authority to settle this case.

Conclusion

Plaintiff's application to enforce the Rule 68 Offer is denied.

SO ORDERED.

Dated: April 17, 2008
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

8