UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
GREGORY KLEINE,                                        :

        Plaintiff,                              :        <u>OPINION AND ORDER</u>

  -v.-                                                 :

                                                       07 Civ. 5887 (PKC) (GWG)

CITY OF NEW YORK, <u>et</u> <u>al.</u>,                      :

        Defendants.                             :
-------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**


Appearances of Counsel:

Andrew M. Laskin
Robinson & Yablon
232 Madison Avenue, Suite 1200
New York, NY 10016
Attorney for Plaintiff

Michael Cardozo
Corporation Counsel
100 Church Street
New York, NY 10007
Attorney for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
GREGORY KLEINE,                                 :

                Plaintiff,                    :       OPINION AND ORDER

    -v.-                                                :
                                                             07 Civ. 5887 (PKC) (GWG)
CITY OF NEW YORK, et al.,                       :

                Defendants.                  :
-------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

       In this federal civil rights case based on the alleged use of excessive force by the police, an Assistant Corporation Counsel ("the ACC") representing the City of New York made an Offer of Judgment in writing pursuant to Fed. R. Civ. P. 68 for $45,001 plus attorney's fees. (The ACC has since left the Corporation Counsel's Office for reasons unrelated to this case.) Plaintiff's attorney accepted the Offer of Judgment in writing. Later that same day, however, the ACC informed plaintiff's counsel that she did not have authority from the Comptroller to make an offer for $45,001, but only had authority to make an offer of $15,001. Plaintiff now seeks to have the Court enter judgment based on the Offer of Judgment for $45,001. For the reasons stated below, plaintiff's application is denied.[1]

Facts

       On March 11, 2008, the ACC signed and faxed to plaintiff's counsel a written Offer of Judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure offering to settle this case for $45,001 plus attorney's fees. On the afternoon of March 17, 2008, plaintiff's counsel

---

[1] The plaintiff made this application by letter and by oral argument following a hearing held at his request on this matter. Defendants have not objected to this procedure. The parties have consented to disposition of this application by a Magistrate Judge pursuant to 28 U.S.C. § 636(c).

accepted the offer in a writing that was faxed to the Corporation Counsel's Office. Several hours later, on the evening of March 17, the ACC e-mailed plaintiff's counsel to inform him that she did not have authority to make the Rule 68 Offer and that it was revoked. The ACC then e-mailed and faxed to plaintiff's counsel a new offer of judgment for $15,001 plus attorney's fees. The revised offer was not accepted.

Plaintiff has now made the instant application to enter judgment under Fed. R. Civ. P. 68. This Court held a hearing on the application on April 9, 2008. Both the ACC and the chief of the Corporation Counsel's Special Federal Litigation Unit testified. Much of the testimony related to the process by which the Corporation Counsel's Office obtained authority from the Comptroller's Office to settle this case. The testimony at the hearing made plain that the ACC had no authority from the Comptroller to settle the case for $45,001 plus attorney's fees. The written document reflecting the authority given to the Corporation Counsel was marked as an exhibit at the hearing. Consistent with the testimony, the document reflected that the only authority given by the Comptroller's Office to the ACC was to settle this case for $15,001 plus attorney's fees. The ACC testified that she made a "mistake" in drafting the first Offer of Judgment.

Discussion

The issue in this case turns on whether the ACC had authority to enter into the settlement reflected in the Offer of Judgment. If she had such authority, the judgment must be entered by the Court pursuant to the terms of Fed. R. Civ. P. 68. If she lacked such authority, however, entry of a judgment would not be warranted. See Marnell v. Carbo, 499 F. Supp. 2d 202 (N.D.N.Y. 2007) (refusing to enter judgment under Fed. R. Civ. P. 68 where attorney lacked

authority to make the offer of judgment); Cesar v. Rubie's Costume Co., Inc., 219 F.R.D. 257, 260 (E.D.N.Y. 2004) ("'the district court has inherent supervisory power to revoke an offer of settlement made pursuant to Rule 68'" (quoting Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1240 (4th Cir. 1989))).

Plaintiff does not contend that the ACC had actual authority to make the $45,001 offer. He argues instead that the ACC had apparent authority to do so. Because this case was brought under 42 U.S.C. §§ 1981 and 1983, federal law governs the question of the ACC's authority. See, e.g., In re Artha Mgmt., Inc., 91 F.3d 326, 328 (2d Cir. 1996) ("[I]n a case arising under federal law, the scope of an agent's authority is determined according to federal precedent.") (internal quotation marks and citation omitted). The Second Circuit has explained apparent authority as follows:

> Apparent authority is "the power to affect the legal relations of another person by transactions with third persons, professedly as agent for the other, arising from and in accordance with the other's manifestations to such third persons." Restatement (Second) of Agency § 8 (1958) (emphasis added). Further, in order to create apparent authority, the principal must manifest to the third party that he "consents to have the act done on his behalf by the person purporting to act for him." Id. § 27. Second Circuit case law supports the view that apparent authority is created only by the representations of the principal to the third party, and explicitly rejects the notion that an agent can create apparent authority by his own actions or representations. See Trustees of UIU Health & Welfare Fund v. N.Y. Flame Proofing Co., 828 F.2d 79, 84 (2d Cir. 1987); Karavos Compania Naviera S.A. v. Atlantica Export Corp., 588 F.2d 1, 10 (2d Cir. 1978); see also Edwards v. Born, Inc., 792 F.2d 387, 390-91 (3d Cir. 1986) (apparent authority not present where record devoid of direct communication from client to opposing attorney).

Fennell v. TLB Kent Co., 865 F.2d 498, 502 (2d Cir. 1989) (emphases in original).

Plaintiff points to the following facts as evidence of the ACC's apparent authority: that the ACC had been employed for many years by the unit of the Corporation Counsel's office that defends suits, such as the present one, based on allegations of police misconduct; that she has

3

litigated numerous other cases on behalf of the City of New York; that she has been given authority by the Comptroller in other cases to settle and has signed settlement documents in many of these cases; that she had signed more than a dozen Rule 68 offers in other cases; that she litigated the instant case for many months, including appearing as counsel with respect to numerous discovery disputes; that she had previously made a settlement offer in this case (for an amount lower than $15,001) in January 2008; that she subsequently stated to counsel that there was room to negotiate the January 2008 offer to a higher number; and that she had participated in a telephone conference with the Court at which settlement was discussed.

Before considering the import of these facts, we note that the City of New York has made plain in its Charter that there is only one official with settlement authority in litigated cases: the Comptroller of the City of New York. See N.Y. City Charter § 93[i] ("the comptroller shall have the power to settle and adjust all claims in favor of or against the city"). Consistent with this provision, a separate section of the Charter makes clear that Corporation Counsel lacks the power to settle a case:

> The corporation counsel shall not be empowered to compromise, settle or adjust any rights, claims, demands, or causes of action in favor of or against the city, and shall not permit, offer or confess judgment against the city or accept any offer of judgment in favor of the city without the previous approval of the comptroller . . . .

N.Y. City Charter § 394[c].

With these points in mind, this case is easily resolved. None of the facts adduced suggest that the Comptroller or any of his staff represented to plaintiff or his counsel – by affirmative act or implication – that the ACC had authority to settle this case in the absence of explicit authority from the Comptroller. The fact that the ACC appeared on behalf of the City in other cases, made

settlement offers in other cases, appeared in this case, or made prior settlement offers in this case is consistent with the Comptroller's decision to make individual determinations at different stages of a case as to whether a particular settlement offer should be made. Particularly in light of the City Charter provisions, none of this conduct suggests that the ACC could settle the case without the Comptroller's authority. As was noted in Johnson v. Schmitz, 237 F. Supp. 2d 183 (D. Conn. 2002), "[plaintiff's] argument conflates [the defendants'] clear manifestation of [defendants' attorney's] authority to engage in negotiations with the distinct and materially different manifestation of authority to execute or agree to a specific settlement on [defendants'] behalf. . . . The former does not necessarily evidence the latter . . . ." Id. at 192 (citations omitted).

Plaintiff's argument boils down to the proposition that because the ACC and/or the Corporation Counsel's office appeared in this case (and other cases) and have routinely made settlement offers, the Comptroller has imbued them with apparent authority to settle. Fennell, however, rejected this argument in holding that "[a] client does not create apparent authority for his attorney to settle a case merely by retaining the attorney." 865 F.2d at 502. Indeed, in Fennell the client "knew settlement was being discussed, did not ask his attorneys not to discuss settlement, would have accepted a higher settlement figure, and did not tell [opposing] counsel that the authority of [the client's] counsel was limited in any way." Id. Nonetheless, the client's attorney was found not to have had apparent authority to enter into the settlement. Id.; accord Marnell, 499 F. Supp. 2d at 204, 207-08 (attorney who made an offer of judgment accepted by plaintiff did not have apparent authority to settle where parties knew that any settlement agreement was contingent upon city council approval); In re Kollel Mateh Efraim, LLC, 2007

5

WL 634079, at *11 (Bankr. S.D.N.Y. Feb. 23, 2007) ("While [the attorney] may have been authorized . . . to engage in settlement negotiations, the [client] never represented or manifested to the [opposing party] that [the attorney] was authorized to make the settlement he did."); Johnson, 237 F. Supp. 2d at 192 ("manifestation[s] of [an attorney's] authority to engage in negotiations" do not show "the distinct and materially different manifestation of authority to execute or agree to a specific settlement"); Musso v. Seiders, 98 F. Supp. 2d 197, 200 (D. Conn. 1999) ("The record is entirely devoid of evidence to show that the defendants themselves took any positive action that would show that [the attorney] had the apparent authority to settle the [client's] claims against them."). Here, there were simply no "positive actions or manifestations by [the client] to [opposing] counsel that would reasonably lead that counsel to believe that [the client's] attorneys were clothed with apparent authority to agree to a definitive settlement of the litigation." Fennell, 865 F.2d at 502.

Thus, this case is quite different from cases where an attorney stated in his client's presence and without objection by the client that he had authority to settle the case and then engaged in discussions resulting in settlement. See, e.g., Conway v. Brooklyn Union Gas Co., 236 F. Supp. 2d 241, 248 (E.D.N.Y 2002); but see Associated Dry Goods Corp. v. Towers Fin. Corp., 1989 WL 125885, at *3 (S.D.N.Y. Jan. 13, 1989) (where court found that attorney had no apparent authority to enter into a settlement agreement, "the fact that a client knows that negotiations are going on, yet does not inform opposing counsel that his counsel's authority is limited, does not change the outcome"). Here, plaintiff's counsel had no contact with the Comptroller's office at any time. Additionally, the ACC made clear at various stages of this case that any authority to settle could only be obtained from the Comptroller's office, and that the

6

Comptroller would have to be contacted to provide any authority that had not specifically been given previously. The City Charter provisions also put plaintiff on notice of these facts.

In support of his position, plaintiff points to Alvarez v. City of New York, 146 F. Supp. 2d 327 (S.D.N.Y. 2001), which enforced a settlement over plaintiff's objections. In Alvarez, the district judge proposed a settlement at a conference at which the plaintiff – who had participated in lengthy prior negotiations – was himself present. Id. at 335. The judge informed the plaintiff that his attorney should contact the court the next day as to whether the plaintiff was accepting the deal. Id. The attorney called the judge the next day to say that the plaintiff accepted. Id. at 332. Over six weeks later – and two weeks after the case had been dismissed – the plaintiff informed the court that he had not in fact accepted the proposal. Id. at 333-34. The district court found that plaintiff's attorney had actual authority to agree to the settlement. Id. at 335. In an alternative holding, the court also found that the attorney had apparent authority based on the client's participation in the settlement conferences and plaintiff's "giving his attorney permission to inform the Court of his acceptance" of the deal. Id. The Alvarez facts, however, are a far cry from the current case inasmuch as a representative of the Comptroller never appeared at a conference or had any contact with opposing counsel, and where the lack of authority was disclosed within a few hours of the settlement having been accepted. By contrast, it appears that Alvarez found apparent authority based on the fact that the plaintiff's appearance at the settlement conference had given everyone involved the impression that his attorney had authority to speak for him. Id. at 335. Any reading of Alvarez that found apparent authority merely based on the attorney's participation in the settlement process would be in conflict with Fennell and we decline to so interpret Alvarez.

7

Finally, to the extent that delay in the client's rejection of the settlement is germane to the issue of apparent authority, as is suggested by some case law, see <u>United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of Am., AFL-CIO</u>, 986 F.2d 15, 20-21 (2d Cir. 1993) (client waited 16 months before denying attorney's authority), here there was no such delay as the lack of authority for the settlement was communicated within hours of the settlement offer having been accepted.

In sum, the ACC did not have apparent authority to settle this case.

<u>Conclusion</u>

Plaintiff's application to enforce the Rule 68 Offer is denied.

SO ORDERED.

Dated: April 17, 2008
   New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

Finally, to the extent that delay in the client's rejection of the settlement is germane to the issue of apparent authority, as is suggested by some case law, see United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of Am., AFL-CIO, 986 F.2d 15, 20-21 (2d Cir. 1993) (client waited 16 months before denying attorney's authority), here there was no such delay as the lack of authority for the settlement was communicated within hours of the settlement offer having been accepted.

In sum, the ACC did not have apparent authority to settle this case.

Conclusion

Plaintiff's application to enforce the Rule 68 Offer is denied.

SO ORDERED.

Dated: April 17, 2008
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge